(No. 39490.—

J. J. KLEIN *et al.,* d/b/a J. J. KLEIN PRINTING Co., *et al.,* Appellants, *vs.* HARRY L. HULMAN, Director of Revenue, *et al.,* Appellees.

*Opinion filed March 24, 1966.*

344

KENART M. RAHN, of Chicago, for appellants.

WILLIAM G. CLARK, Attorney General, of Springfield, (RICHARD A. MICHAEL and PHILLIP B. ROBINSON, Assistant Attorneys General, of counsel,) for appellees.

Mr. JUSTICE HERSHEY delivered the opinion of the court:

This is a class action in which plaintiffs, J. J. Klein and Jack Klein, doing business as J. J. Klein Printing Company, sought a declaratory judgment in the circuit court of Cook County that the Service Occupation Tax Act (Ill. Rev. Stat. 1963, chap. 120, par. 439.101 *et seq.*), the Service Use Tax Act (Ill. Rev. Stat. 1963, chap. 120, par. 439.31 *et seq.*), the Municipal Service Occupation Tax Act (Ill. Rev. Stat. 1961, chap. 24, par. 8—11—5), and the County Service Occupation Tax Act (Ill. Rev. Stat. 1963, chap. 34, par. 409.2), are unconstitutional. On motion of defendants Director of Revenue, Treasurer and Attorney General of the State of Illinois, the circuit court entered an order dismissing the complaint, and plaintiffs have appealed from that order directly to this court.

The Service Occupation Tax Act, which is entitled "An Act to impose a tax upon persons engaged in the business of making sales of service", places a tax on servicemen who transfer tangible personal property in the course of

performing their services. The tax is measured by the cost price to the serviceman of the tangible personal property which the serviceman purchases from his supplier and subsequently transfers to his customer. (Ill. Rev. Stat. 1963, chap. 120, par. 439.103.) The tax is collected from the serviceman by the supplier at the time the sale to the serviceman is made. Section 2 of the act provides, however, that "The purchase, employment and transfer of such tangible personal property as newsprint and ink for the primary purpose of conveying news (with or without other information) shall not be deemed to be a purchase, use or sale of service or of tangible personal property, but shall be deemed to be intangible personal property". (Ill. Rev. Stat. 1961, chap. 120, par. 439.102.) Insofar as is here relevant, the Service Use Tax Act, the Municipal Retailers Occupation Tax Act, and the County Service Occupation Tax Act, either contain substantially similar provisions as the Service Occupation Tax Act, or specifically incorporate the provisions of that act.

Plaintiffs' complaint alleges that they, and the other members of the class on whose behalf the suit was brought, are printers engaged in "the service occupation of printing letterheads, forms, booklets, catalogs, brochures, circulars, briefs and other varieties of printed matter". Each of the members of the class were customers of Vavra-Frey Ink Company from whom they purchased printing ink used by them in their respective printing businesses. In addition to the price of the ink sold, Vavra-Frey collected from each of them as separate items either the Service Occupation Tax, the Service Use Tax, the Municipal Service Occupation Tax, or the County Service Occupation Tax as the case might be.

Plaintiffs rely primarily on section 1 of article IX of the State constitution which provides that a taxing statute shall be "uniform as to the class upon which it operates". (Ill. Const. art. IX, sec. 1.) Plaintiffs contend that the ex-

emption from taxation in the case of purchases of "newsprint and ink for the primary purpose of conveying news (with or without other information)" violates this constitutional requirement. More particularly, plaintiffs allege in their complaint that each member of the class of persons upon whose behalf this action is maintained are required, in the course of conducting their service occupation of printing, to "buy and transfer to customers large quantities of tangible personal property, such as paper and ink. Persons engaging in the service occupation of printing printed items which are ultimately and primarily for the conveying of news with or without advertising matter and other pictures and information do likewise transfer large quantities of tangible personal property in the form of paper and ink. There is no real and substantial difference in the nature of printing by the plaintiff and the members of his class as compared with persons engaged in the service occupation of printing items which may ultimately be used for conveying news. The printing process is substantially identical; the inks used are substantially identical. All users destroy ink and paper in rendering service. In substantially all respects, the occupation of printing is the same, whether the paper and ink are used for conveying news or information, or whether the product is used for other purposes. Printers constitute one class of persons, whether or not the printed product is used for the dissemination of news".

It is well established that the legislature has broad powers to establish reasonable classifications in defining subjects of taxation. (*People ex rel. Holland Coal Co. v. Isaacs,* 22 Ill.2d 477; *Department of Revenue v. Warren Petroleum Corp.* 2 Ill.2d 483; *Reif v. Barrett,* 355 Ill. 104; *Ohio Oil Co. v. Wright,* 386 Ill. 206; *McGrath v. City of Chicago,* 309 Ill. 515.) It is also well settled that the legislature may define a general class which is subject to an occupation tax and then specifically remove a subclass. (*Bode v. Barrett,* 412 Ill. 204; *Modern Dairy Co., Inc. v. Department of*

*Revenue*, 413 Ill. 55; *People ex rel. Holland Coal Co.* v. *Isaacs*, 22 Ill.2d 477.) Such classification must, however, be based on real and substantial differences between persons taxed and those not taxed. *People ex rel. Holland Coal Co.* v. *Issacs*, 22 Ill.2d 477; *City of Chicago* v. *Ames*, 365 Ill. 529; *People ex rel. Miller* v. *Doe*, 22 Ill.2d 211.

In our opinion the Service Occupation Tax Act and those other taxing acts here being challenged do not establish an arbitrary or unreasonable classification by excluding from the tax the service occupation of printing for the primary purpose of conveying news. While it is true that all those engaged in the broad category of "printing" perform similar functions in that they all imprint ink on paper and transfer the finished product to a customer, we do not agree with plaintiffs' basic contention that all such persons are necessarily engaged in the same service occupation and that they must all be placed in the same class for purpose of taxation. The service occupation of printing newspapers and the like for the purpose of conveying news is substantially different from the occupation of printing letterheads, forms, catalogs and the other items printed by plaintiffs. Even though both occupations may employ a similar physical process, the finished products are used for clearly distinct purposes.

In their complaint, the plaintiffs contend further that "the legislative declaration that 'the purchase, employment and transfer of such tangible personal property as newsprint and ink for the primary purpose of conveying news * * *' is not 'a purchase, use or sale of tangible personal property' but to be deemed 'intangible personal property' is an attempt to convert tangible personal property into intangible personal property when used in a particular manner, contrary to the fact". In support of this contention, plaintiffs rely on our decision in *Winter* v. *Barrett*, 352 Ill. 441, and more particularly on our statement in that opinion that "The legislature has no power to, by legislative enact-

ment, declare that not to be a fact which everyone knows is a fact, although it may by an otherwise valid enactment declare that for purposes of the application of the act that which is recognized as a fact may be excluded from such application". (352 Ill. 459.) This language, however, must be considered in the context of the holding of that case that the statute there in question contained an unreasonable classification. In the instant case, we do not agree with plaintiffs that section 2 of the Service Occupation Tax Act declares "that not to be a fact which everyone knows is a fact". The Service Occupation Tax is measured by the cost price of tangible personal property purchased and transferred by servicemen. The exemption of the occupation of printing for the primary purpose of conveying news is established by a provision that ink and newsprint purchased, employed or transferred for such purpose, are not to be considered tangible personal property for purposes of the. act. We do not think this to be an objectionable legislative method of creating an exemption. Rather, in the language of the *Winter* case relied on by plaintiffs, it is an example of a case where for purposes of application of the act "that which is recognized as a fact may be excluded from such application".

In their brief, plaintiffs have raised certain other questions which were not raised below, and which will therefore not be considered on appeal.

In view of our determination that plaintiffs did not meet their burden of establishing that the Service Occupation Tax Act and the other acts here challenged create unreasonable and arbitrary classifications in violation of section 1 of article IX of the constitution, the order of the circuit court of Cook County dismissing plaintiffs' complaint must therefore be affirmed.

*Order affirmed.*