(No. 44911.—

PHILIP A. DORAN, Appellee, v. P.J. CULLERTON, County Assessor, *et al.*—(Laurene R. Hoppe *et al.*, Appellants.)

*Announced April 14, 1972.—Opinion filed May 22, 1972.*

RYAN and GOLDENHERSH, JJ., concurring in part and dissenting in part.

ORLIKOFF, PRINS, FLAMM & SUSMAN, of Chicago (ARNOLD M. FLAMM, of counsel), for appellants.

PRICE, CUSHMAN, KECK & MAHIN of Chicago (ROBERT S. CUSHMAN and THOMAS E. BRANNIGAN, of counsel), for appellee.

MR. JUSTICE KLUCZYNSKI delivered the opinion of the court:

This is an appeal from the circuit court of Cook County which held the homestead exemption, authorized by section 19.23—1 of the Revenue Act of 1939 (Ill.Rev. Stat. 1971, ch. 120, par. 500.23—1), as applied to assessments made in 1971 and taxes payable in 1972, unconstitutional. This decision was appealed to this court pursuant to Rule 302(a) of the Rules of the Supreme Court. Ill.Rev.Stat. 1971, ch. 110A, par. 302(a).

The Act in question (Ill.Rev.Stat. 1971, ch. 120, par. 500.23—1) was passed by the 77th General Assembly in June of 1971 and approved by the Governor on July 13, 1971 (P.A. 77—266).

This is an amendatory act to the Revenue Act of 1939, filed May 17, 1939, as amended. The Act, passed as P.A. 77—266, reads as follows:

> "AN ACT to add Section 19.23—1 to and to repeal Section 19.24 of the 'Revenue Act of 1939', filed May 17, 1939, as amended.
>
> *Be it enacted by the People of the State of Illinois, represented in the General Assembly:*
>
> Section 1. Section 19.23—1 is added to the 'Revenue Act of 1939', filed May 17, 1939, as amended, the added Section to read as follows:
>
> Sec. 19.23—1. A homestead exemption limited to a $1,500 maximum reduction from the value, as equalized or assessed by the Department of Local Government Affairs, of real property that is occupied as a residence by a person 65 years of age or older who is liable for paying real estate taxes on the property and is an owner of record of the property or has a legal or equitable interest therein as evidenced by a written instrument, except for a leasehold

interest. This amendatory Act of 1971 applies to assessments made in 1971 and thereafter and taxes payable in 1972 and thereafter and the county assessor or supervisor of assessments, as the case may be, shall afford persons qualifying for exemptions under it a reasonable opportunity to file for such exemptions after its effective date for the year 1971, and on the first day of March of each succeeding year.

Section 2. Section 19.24 of said Act is repealed.

Section 3. If the application of this amendatory Act to assessments made in 1971 or to 1971 taxes payable in 1972 is held invalid on the ground of retroactivity or because of violation of the Constitution of 1870, such invalidity shall not affect the application of this amendatory Act to assessments and taxes for subsequent years or impair its validity under the Constitution of 1970."

The proceedings in the circuit court were instituted by Philip A. Doran, a taxpayer under the age of 65 years who alleged that he represented all taxpayers similarly situated.

The complaint named as defendant P. J. Cullerton, Cook County Assessor, Bernard J. Korzen, Cook County Collector, and Edward V. Hanrahan, State's Attorney of Cook County. The complaint further named the latter as the attorney for all taxpayers over the age of 65 who would qualify for the exemption authorized by the statute. By order of court the State's Attorney was permitted to withdraw and was stricken as a party defendant. Thereafter leave was granted to Robert J. Lenhausen, Director of the Department of Local Government Affairs to intervene as party defendant. An additional party defendant, Laurene R. Hoppe, alleged to represent the class of taxpayers over the age of 65, was also permitted to intervene. Only the intervenors are appellants herein.

Section 19.23—1, added by Public Act 77—266, grants an exemption of $1,500 assessed valuation of "real property that is occupied as a residence by a person 65 years of age or older who is liable for paying real estate taxes on the property and is an owner of record of the property or has a legal or equitable interest therein as

evidenced by a written instrument, except for a leasehold interest." The amendatory provision specifically stated that said exemption applied to the assessments for the year 1971 for taxes payable in 1972, and for all subsequent years thereafter.

This homestead exemption would not be valid under the constitution of 1870 *(Hoffman v. Lehnhausen, 48 Ill.2d 323),* but is authorized by section 6 of article IX of the Illinois constitution of 1970 which provides in part: "The General Assembly by law may grant homestead exemptions or rent credits."

The controversy herein arises due to the fact that the Illinois constitution of 1870 was in full force and effect from January 1, 1971, through and including June 30, 1971. The Illinois constitution of 1970 did not become effective until July 1, 1971. (Sec. 1 of Adoption Schedule.) Thus, the paramount question is whether the General Assembly could apply section 6 of article IX of the Illinois constitution of 1970 retroactively to a time antedating the effective date of said constitutional provision. The intervening defendants urge that *People ex rel. Ogilvie v. Lewis, 49 Ill.2d 476,* is dispositive of the issue. We do not agree. In the *Ogilvie* case we approved the enactment of legislation in anticipation of an adopted but not yet effective constitutional provision. However, therein the act in question was prospective in nature only and the rights and duties established did not antedate the effective date of the constitution of 1970.

The question herein is not the power of the General Assembly to apply an act to a time antedating its passage and approval for that is well established where clear legislative intent is present. *(People ex rel. Thomson v. Barnett, 344 Ill. 62.)* In view of the language of section 19.23—1, such intent is manifest herein but that intent cannot be effectuated where it would run *contra* to a constitutional provision.

In this proceeding the Illinois constitution of 1870

was at all times in full force and effect from January 1, 1971, to and including June 30, 1971, and during this period a homestead exemption as contemplated by section 19.23—1 was void.

Since the legislative intent of the retroactive application of the homestead exemption of section 19.23—1 cannot be applied for the entire year of 1971, we are not constrained to read into the amendatory Act the intent of the General Assembly to have said exemption remain in force and effect for half of 1971. It is clear in reading the final paragraph of the Act that the General Assembly did not intend such application considering this partial invalidity.

Additionally, the date upon which real estate is assessed in the State of Illinois is January 1 of each year (Ill.Rev.Stat. 1971, ch. 120, par. 508a), and since on January 1, 1971, the Illinois constitution of 1870 was the paramount law of this State, the homestead exemption is not applicable for any portion of the year in question.

The last paragraph of the amendatory Act specifically stated that in the event of the invalidity of the homestead exemption for assessments made in 1971 for taxes payable in 1972 "such invalidity shall not affect the application of this amendatory Act to assessments and taxes for subsequent years or impair its validity under the Constitution of 1970."

This severability clause presents an additional question, the validity of the homestead exemption for assessments made in 1972 and subsequent years. Plaintiff argues that the statute is unconstitutional because it violates the equal protection provisions of the Federal and State constitutions. All interested parties urge that this issue is properly before this court, although the content of the complaint and the decree entered by the trial court are not specifically directed to this issue. However, all factual matters necessary for this determination are presented in the record before us and this issue has been argued and

briefed by all parties. We also find that this matter is of great public importance, and will therefore consider plaintiff's contention.

In urging the unconstitutionality of this Act, the plaintiff argues (1) that the homestead exemption creates two classes of owners, one over 65 and one under 65, without regard to wealth; and (2) it applies only to those affluent who own a residence and thus discriminates against lessees.

In *Doolin v. Korshak, 39 Ill.2d 521,* we stated at 527-528: "The governing principles are clear. 'It is well established that the legislature has broad powers to establish reasonable classifications in defining subjects of taxation.' *(Klein v. Hulman, 34 Ill.2d 343, 346.)* The 'prohibition of the Equal Protection Clause goes no further than the invidious discrimination.' *(Williamson v. Lee Optical, Inc., 348 U.S. 483, 489, 99 L.Ed. 563, 573.)* 'A statutory discrimination will not be set aside if any state of facts reasonably may be conceived to justify it.' *(McGowan v. Maryland (1961), 366 U.S. 420, 425-26, 6 L.Ed.2d 393, 399.)* And '[t]he burden is on the one attacking the legislative arrangement to negative every conceivable basis which might support it.' *Madden v. Kentucky, 309 U.S. 83, 88, 84 L.Ed. 590, 593.*"

Initially we find that the classification of individuals on the basis of under and over 65 years of age is rational and reasonable for at this age many persons retire and their sole financial support may be derived from social security or private pensions. *(State v. Morgan, 30 Wis.2d 1, 139 N.W.2d 585.)* In these times of increasing real estate taxation and rising prices, the benefits conferred by many retirement plans may not provide adequate income. (See Epstein, "Sources and Size of Money Income of the Aged," Social Security Bulletin, January, 1962, p. 12. Compare Statistical Abstract of the United States 1971, p. 277, No. 440 with p. 318, No. 505.) Moreover, various Federal and State exemptions are granted to those over the age of 65

without regard to the individual's personal wealth. Those over 65 years of age are granted preferred capital gains treatment when they sell their residence (Int. Rev. Code of 1954, sec. 121); and a double personal exemption from both Federal and State income tax is permitted. Int. Rev. Code of 1954, sec. 151(c); Ill.Rev.Stat. 1971, ch. 120, par. 2—204.

Plaintiff finally contends that the exemption is unconstitutional for it arbitrarily discriminates against lessees of real property in favor of the affluent who own residences.

Section 6 of article IX of the Illinois constitution of 1970 specifically permits the legislature to enact "homestead exemption or rent credits." Thus, the constitution itself recognizes a discernible difference between owners and lessees. There are, in fact, real and substantial differences between owners of the fee and a tenant under a lease. Each class holds a different estate which is subject to different rights and obligations. We have heretofore recognized the inherent differences between lessors (those who hold title) and lessees of personal property for the purposes of classification for taxation *(International Business Machines Corp. v. Korshak, 34 Ill.2d 595)*, and plaintiff offers no rationale which prohibits the same application to owners and lessees of real estate. We therefore conclude that the homestead exemption for property assessed in the year 1972 and subsequent years does not violate the equal-protection clauses under either the Federal or State constitutions.

The sole issue upon which plaintiff and intervenor Laurene Hoppe appear to be in agreement concerns the payment of fees and costs to that party whose position is sustained on appeal. Both request that this court devise a method for reimbursement of costs and reasonable attorney's fees. While we express our gratitude to the parties involved for their services, we find that our prior decisions in *Rosemont Building Supply, Inc. v. Illinois Highway*

*Trust Authority, 51 Ill.2d 126,* and *Hoffman v. Lehnhausen, 48 Ill.2d 323,* are controlling. These cases rejected contentions for costs and fees in similar situations where no fund was available.

We therefore affirm the judgment of the trial court holding the exemption invalid as to assessments in 1971, but hold that the amendatory act is valid for assessments made in 1972 and subsequent years.

*Judgment affirmed, with further judgment here.*

MR. JUSTICE RYAN, concurring in part and dissenting in part:

I concur with the opinion of the court, except that I believe the exemption granted by the statute in question should apply to the assessments of real property for the year 1971.

On the effective date of the new constitution the provisions of the constitution of 1870 ceased to exist and the constitutionality and validity of legislative enactments were thereafter judged in the light of the provisions of the 1970 constitution. On July 1, 1971, the assessments procedure provided for by statute had not been completed. The taxes for the year 1971, payable in 1972, would not, as of that date, have been levied by the various taxing bodies and could not have been extended by the county clerk against the taxable property. After July 1, 1971, the levies of the taxing bodies and the extention of the taxes for the entire year of 1971 would have to be made pursuant to laws and ordinances not inconsistent with the new constitution. (Ill. Const. (1970), Transition Schedule, sec. 9.) Section 4(a) of article IX of the new constitution provides that taxes upon real property should be levied uniformly by *valuation ascertained as the General Assembly shall provide by law.* The legislature, in anticipation of this provision, as well as the provision of section 6 of article IX relative to homestead exemptions, provided in the statute in question for a homestead exemption limited

to "a $1500 maximum reduction from the value, as equalized or assessed by the Department of Local Government Affairs ***."

Before the 1971 taxes could be extended, the value of taxable property had to be ascertained, and the law in effect at the time for extending the taxes provided for the homestead exemption reduction from the value as equalized or assessed. I do not .see the problem of retroactivity which seems to bother my colleagues in this application of the exemption statute. It should have been applied to the 1971 assessments prior to extending the taxes against the taxable property for that year.

The assessment date of January 1 of each year referred to by the court was not constitutionally established but is a legislative designation which provides that the real estate shall be assessed in the name of the owner as of January 1 (Ill.Rev.Stat. 1971, ch. 120, par. 508a) at the value as of January 1. (Ill.Rev.Stat. 1971, ch. 120, par. 524.) However, section 30 of the Revenue Act of 1939 (ch. 120, par. 511) provides that the values of the property against which taxes are extended are such assessments as modified or equalized or *changed as provided by law.* The statute in question provides by law for a change in the assessed valuation by deducting therefrom the homestead exemption.

MR. JUSTICE GOLDENHERSH joins in this partial concurrence and dissent.