HAROLD PICK, Indiv. and on Behalf of a Class of Persons Similarly Situated, Plaintiff-Appellant, v. AURELIA PUCINSKI, Clerk of the Circuit Court of Cook County, *et al.*, Defendants-Appellees.

First District (3rd Division)   No. 1—91—0384

Opinion filed June 16, 1993.

Mark D. DeBofsky, of DeBofsky & DeBofsky, and Lionel I. Brazen, both of Chicago, for appellant.

Jack O'Malley, State's Attorney, of Chicago (Joan S. Cherry, Patricia M. Shymanski, and Laura L. Fese, Assistant State's Attorneys, of counsel), for appellees.

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Plaintiff, Harold Pick, appeals from the trial court's entry of summary judgment against him in favor of defendants, Aurelia Pucinski, clerk of the circuit court of Cook County, Illinois, and Edward Rosewell, treasurer of Cook County, Illinois. In his suit, Pick sought a declaratory judgment, an accounting, and injunctive relief. It is from the trial court's orders denying the injunctive re-

lief and entering summary judgment that Pick appeals to this court pursuant to Supreme Court Rule 301. 134 Ill. 2d R. 301.

On appeal, Pick urges that requiring the payment of a second filing fee to continue litigation after remandment by a reviewing court pursuant to section 27.2(11)(b) of "An Act to revise the law in relation to clerks of courts" (hereinafter the Act) (Ill. Rev. Stat. 1989, ch. 25, par. 27.2(11)(b)) imposes an unconstitutional burden upon litigants and, therefore, the trial court erred in granting summary judgment and denying the injunctive relief sought.[1]

For the reasons which follow, we affirm.

FACTUAL BACKGROUND

The genesis of this cause of action is in the initiation of a lawsuit in the circuit court of Cook County by Pick against an insurer relating to a disputed claim under a homeowner's insurance policy. (Pick v. Associated Indemnity Corp. (Cir. Ct. Cook Co.), No. 85—L—21200.) Prior to trial in that action, the trial court entered summary judgment against Pick. In Pick's successful appeal of the entry of summary judgment against him, this court reversed the trial court and remanded that case to the circuit court. (See *Pick v. Associated Indemnity Corp.* (1989), 191 Ill. App. 3d 121, 547 N.E.2d 555, *appeal denied* (1990), 129 Ill. 2d 572, 550 N.E.2d 565.) The mandate of this court was filed with the clerk of the circuit court of Cook County on March 2, 1990.

Subsequently, Pick sought to proceed with his case in the circuit court and was informed by various employees of that court that pursuant to the Act he would have to pay a filing fee of $168, an amount equal to the fee for initially filing or commencing an action, in order to proceed with his case on remand. Pick was further notified that his case would also have to be renumbered to receive a new circuit court docket number pursuant to General Order 6.2(c) of the circuit court of Cook County (hereinafter General

---

[1]Section 27.2(11)(b) (Ill. Rev. Stat. 1989, ch. 25, par. 27.2(11)(b)) provides as follows:

"(b) In any cases remanded to the Circuit Court from the Supreme Court or the Appellate Court, the Clerk shall be entitled to the same fee before the filing of the remanding order and the reinstating of the cause as if it were the commencement of a new suit."

Order 6.2(c)).[2] After reviewing the Act and General Order 6.2(c), Pick obtained the common law record of the case and filed.it with the clerk of the circuit court, following payment, under protest, of the $168 fee. The suit was then redocketed as case number 90—L—5144. Pick then brought the instant suit against defendants as a class action challenge to the validity of the Act on May 7, 1990.

Pick then filed a motion for a temporary restraining order seeking to enjoin Pucinski from transferring to Rosewell's office all filing fees collected in accordance with the Act. The motion also sought to create a special protest fund into which Pucinski would be directed to deposit all such filing fees collected. The trial court entered its order denying this motion on June 13, 1990.

Pick also moved for a preliminary injunction seeking the same remedies sought in the temporary restraining order. The trial court denied this motion in its memorandum of opinion of November 5, 1990.

Defendants first moved, erroneously, to dismiss Pick's complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615 (now codified as 735 ILCS 5/2—615 (West 1992))). Defendants then filed a motion to dismiss pursuant to section 2—619 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—619 (now codified as 735 ILCS 5/2—619 (West 1992))). The trial court then properly ordered that the second motion, an impermissible hybrid of sections 2—615 and 2—619, be converted into a motion for summary judgment under section 2—1005 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—1005 (now codified as 735 ILCS 5/2—1005 (West 1992))). Subsequently, the trial court issued a detailed memorandum of opinion finding the Act constitutional and thereafter ordered that defendants' motion for summary judgment be allowed.

Pick now appeals to this court.

---

[2]General Order 6.2(c) of the circuit court of Cook County provides as follows:
"Remanded Actions—Every action remanded by the Appellate Court or the Supreme Court for a new trial or hearing, upon reinstatement, shall be renumbered by the clerk in annual series with the number of the action preceded by the last two (2) figures of the current year and by the abbreviation of the division or district in which the action is filed, and the clerk of the court shall notify the parties of the new number. The case shall be set for trial on motion of either party."

Opinion

Pick challenges the constitutionality of the Act as being violative of due process of law and equal protection of law as guaranteed by the Federal and State constitutions.[3] Pick also argues that the Act is violative of article I, section 12, of our 1970 Constitution by impermissibly interfering with the free exercise of justice.[4] In the context of revenue laws, both the United States Supreme Court and the Illinois Supreme Court have held that States have a very wide discretion. (*Madden v. Kentucky* (1940), 309 U.S. 83, 87-88, 84 L. Ed. 590, 593, 60 S. Ct. 406, 408; *People ex rel. Kutner v. Cullerton* (1974), 58 Ill. 2d 266, 272, 319 N.E.2d 55; *Doolin v. Korshak* (1968), 39 Ill. 2d 521, 528, 236 N.E.2d 897.) The equal protection and due process clauses merely require that a State move upon a rational basis and not resort to a legislative classification that is palpably arbitrary. (*Allied Stores of Ohio, Inc. v. Bowers* (1959), 358 U.S. 522, 526-27, 3 L. Ed. 2d 480, 484-85, 79 S. Ct. 437, 440-41; *Kutner*, 58 Ill. 2d at 272-73.) "Furthermore, not only is the statute valid if the legislative classifications are supported by a reasonable basis, but a presumption of constitutionality is applied to revenue laws, and this presumption 'may be overcome only by a clear showing that [the statute] is arbitrary and unsupportable by any set of facts.' " (*Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 919, 445 N.E.2d 1240, quoting *Kutner*, 58 Ill. 2d at 273.) Thus, the burden is on the individual attacking a legislative classification to negate every conceivable basis which might support it. (*Madden*, 309 U.S. at 88, 84 L. Ed. at 593, 60 S. Ct. at

---

[3]Section 1 of the fourteenth amendment to the United States Constitution provides, in pertinent part, as follows:

"No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (U.S. Const., amend. XIV, §1.)

Section 2 of article I of the Illinois Constitution of 1970 provides as follows:

"No person shall be deprived of life, liberty or property without due process of law nor be denied the equal protection of the laws." Ill. Const. 1970, art. I, §2.

[4]Section 12 of article I of the Illinois Constitution of 1970 provides as follows:

"Every person shall find a certain remedy in the laws for all injuries and wrongs which he receives to his person, property or reputation. He shall obtain justice by law, freely, completely, and promptly." Ill. Const. 1970, art. I, §12.

408; *Doolin*, 39 Ill. 2d at 528; *Mlade*, 112 Ill. App. 3d at 919; accord *Berry v. Costello* (1976), 62 Ill. 2d 342, 345, 341 N.E.2d 709.) However, our supreme court has held that with respect to litigation fees and taxes, section 12 of article I of the 1970 Illinois Constitution qualifies the above standard by further requiring that "court filing fees and taxes may be imposed only for purposes relating to the operation and maintenance of the courts." *Crocker v. Finley* (1984), 99 Ill. 2d 444, 454, 459 N.E.2d 1346.

Thus, the question in this case becomes whether there is a reasonable basis for the Act's authorization of the collection of additional filing fees upon remandment of a cause from a reviewing court and are such fees being imposed for purposes relating to the operation and maintenance of the circuit court of Cook County.

In asserting that the Act is unconstitutional, Pick relies principally upon the supreme court's holding in *Crocker*. We believe such reliance is misplaced.

In *Crocker*, the plaintiff brought a class action against the clerk of the circuit court of Cook County and other officials to challenge the validity of sections 27.1(a)(3) and 27.2(1)(d) of the Act (Ill. Rev. Stat. 1981, ch. 25, par. 27.1(a)(3); Ill. Rev. Stat., 1982 Supp., ch. 25, par. 27.2(1)(d)). These provisions of the Act required clerks of the circuit courts to collect a special $5 fee from petitioners for dissolution of marriage. The fee was intended to fund shelters and other services for victims of domestic violence in Illinois. The supreme court held that the imposition of the additional fee for use in a general welfare program conflicted with the State constitutional right to obtain justice freely (Ill. Const. 1970, art. I, §12), as the fee did not relate to either matrimonial litigation or the operation or maintenance of the court system. The *Crocker* court further held that the fee denied matrimonial litigants due process and equal protection of law by forcing them to bear the cost of maintaining a public welfare program, the services of which were offered to both married and unmarried persons, while excluding other classes of taxpayers from that burden without a rational basis. In other words, the *Crocker* court held that matrimonial litigants cannot be required to support a general welfare program that does not relate to either their litigation or to the court system.

■■ The same argument cannot be advanced here as the requirement to pay a new filing fee upon remand to a trial court does relate to the litigation and to the court system. The imposition of a refiling fee upon remand is ostensibly for a court-related

purpose, *i.e.*, the conducting of litigation post-appeal. Thus, there is a distinction between the facts of *Crocker*, where the purpose of the $5 fee was unrelated to matrimonial litigation, and the facts of this case, where the purpose of the fee is linked with litigation conducted in the trial court after remand by a reviewing court. Furthermore, we cannot accept Pick's additional assertion that the services rendered by Pucinski's office are illusory and, thus, since the fee is merely a vehicle for raising revenue, not related to actual services rendered, it must be held invalid.

John Goggin, an associate circuit court clerk responsible for court operations, stated in his affidavit that upon remand the following operations are performed on a case: (1) it is renumbered; (2) it is assigned to a new judge; (3) manual or computer entries necessitated by the remand are made; (4) a new file jacket is prepared and assigned to the file; and (5) it is placed in the stacks. Thus, there are some additional services being performed that are in addition to the services normally required at the initial filing of a case. We believe whether these services merit the fee imposed is a matter best left to the judgment of the General Assembly. We know of no rule of law requiring a legislature to fix with precision the amount of a fee imposed for a governmental service. These determinations are, by their very nature, somewhat arbitrary. Accordingly, we decline to subject the cost of every vehicle sticker, parade permit, and cat license to an economic cost-benefit analysis.

Therefore, we find the Act not to be unconstitutional as it is supported by a reasonable basis, compensating clerks of the circuit courts for services rendered in connection with a case on remand from a reviewing court, and thus imposed for a purpose related to operation and maintenance of the courts.

■ Still to be considered is Pick's contention that the trial court erred in denying his motions for injunctive relief. The order denying the temporary restraining order was entered on June 13, 1990, and the order denying the preliminary injunction was entered on November 5, 1990. Pick filed a "NOTICE OF APPEAL" on January 30, 1991. Supreme Court Rule 307(a), which addresses the issue of when an appeal may be taken from an interlocutory order, provides, in pertinent part, as follows:

> "(a) Orders Appealable; Time. An appeal may be taken to the Appellate Court from an interlocutory order of court:
>> (1) granting, modifying, refusing, dissolving, or refusing to dissolve or modify an injunction[.]

* * *

The appeal must be perfected within 30 days from the entry of the interlocutory order by filing a notice of appeal designated 'Notice of Interlocutory Appeal' conforming substantially to the notice of appeal in other cases." (134 Ill. 2d R. 307(a)(1).) Thus, an appeal must be filed within 30 days from the entry of the order that is sought to be reviewed or the right to challenge such ruling will be deemed waived. (*Design Studio International, Inc. v. Chicago Title & Trust Co.* (1989), 185 Ill. App. 3d 797, 808, 541 N.E.2d 1166; *Baird & Warner, Inc. v. Gary-Wheaton Bank* (1984), 122 Ill. App. 3d 136, 138-39, 460 N.E.2d 840.) Pick raises the propriety of these orders for the first time here. Consequently, as Pick did not file a timely interlocutory appeal from either of these orders, the issue is deemed waived.

For all the above-stated reasons, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

CERDA and GREIMAN, JJ., concur.