LELIA HAYNES, Plaintiff, v. THE CITY OF CHICAGO, Defendant (Sy Hastings *et al.*, Plaintiffs-Appellants; The City of Chicago *et al.*, Defendants-Appellees).

First District (3rd Division)   No. 1—91—3469

Opinion filed June 29, 1994.

Bernard Allen Fried, of Chicago, for appellants.

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Frederick S. Rhine, Assistant Corporation Counsel, *of counsel), for appellees.*

PRESIDING JUSTICE TULLY delivered the opinion of the court:

Plaintiffs, Sy Hastings, Ignacio Benitez, Martha Benitez and Joan Fried (hereinafter collectively referred to as appellants), appeal from an order entered by the circuit court of Cook County withdrawing leave to file a second amended complaint against defendants, the City of Chicago, Carol Mosely Braun, the recorder of deeds for Cook County, John Maiorca, the acting director of revenue for the City of Chicago, and Samuel W. Hurley, the water commissioner for the City of Chicago (hereinafter collectively referred to as the City). Plaintiff Lelia Haynes and the recorder of deeds for Cook County have not filed briefs in this appeal. Jurisdiction is vested in this court pursuant to Supreme Court Rule 301 (134 Ill. 2d R. 301).

On appeal, appellants urge that two ordinances in Chicago's municipal code are violative of due process and equal protection of law.[1] Section 185—46.3 of the Chicago Municipal Code directs the water commissioner, upon payment of an application fee to be set by him, to issue a certificate of payment that water and sewer bills for a property named in the application have been paid in full. (Chicago Municipal Code § 185—46.3 (1983).) Pursuant to this grant of authority, the water commissioner has set a $10 fee for the certificate of payment. Section 200.1—2(B)(6) of the Chicago Municipal Code requires the director of revenue not to issue transaction tax stamps, which are issued for payment of the transaction tax applicable to real estate transactions within the City of Chicago, unless the water commissioner has issued a certificate of payment. Chicago Municipal Code § 200.1—2(B)(6) (1983).

The genesis of this cause of action is in the filing of a lawsuit on July 12, 1985, in the circuit court of Cook County by plaintiff Haynes against the City in which she sought declaratory and injunctive relief, and that the fees collected pursuant to section 185—46.3 be placed in a separate fund. Haynes also sought certification of the case as a class action.

Appellants filed their complaint challenging the validity of the ordinances in the circuit court on January 21, 1986. Like Haynes,

---

[1]We note that plaintiffs' brief did not specify whether their constitutional challenges to the ordinances are being brought under the United States Constitution, the Illinois Constitution of 1970 or both. Accordingly, we shall consider their claims in light of both the Federal and State Constitutions.

appellants sought declaratory and injunctive relief, the establishment of a "Water Certification Protest Fund," and class certification.

The factual averments of appellants were as follows. On June 25, 1985, Hastings sold a parcel of improved real estate located in Chicago to the Benitezes. At all relevant times preceding such conveyance, all water and sewer assessments pertaining to the real estate were kept current. Hastings and the Benitezes sought to acquire the transaction tax stamps without presenting a certificate of payment from the water commissioner, but were not permitted to do so. Hastings and the Benitezes then paid the water commissioner $10 under protest, received a certificate of payment and recorded a deed with the recorder of deeds. The recorder of deeds will not accept a deed without transaction tax stamps affixed thereto.

On October 3, 1985, Fried bought a parcel of improved land within Chicago. However, Fried did not pay the $10 fee for certificate of payment. Consequently, the director of revenue refused to sell her transaction stamps and the recorder of deeds would not record Fried's deed.

On October 7, 1985, the City filed a motion to dismiss the Haynes case pursuant to section 2—615 of the Code of Civil Procedure (hereinafter section 2—615) (Ill. Rev. Stat. 1985, ch. 110, par. 2—615 (now 735 ILCS 5/2—615 (West 1992))). On June 4, 1986, the circuit court consolidated the Hastings case with appellants' case. On June 9, 1986, the circuit court allowed the City's motion to dismiss the Haynes case to stand as its motion to dismiss appellants' case. On September 25, 1987, the circuit court granted the motion to dismiss appellants' case, but gave the plaintiffs leave to file amended complaints asserting that, as to them, section 185—46.3 violated due process.

On October 26, 1987, Haynes filed a second amended complaint pursuant to the circuit court's order of September 25, 1987. On July 6, 1989, the City moved pursuant to section 2—615 to dismiss that complaint. The circuit court granted this motion and dismissed Haynes' second amended complaint on October 30, 1990. Haynes did not attempt to replead, and the circuit court dismissed her case for want of prosecution.

In the meantime, on April 29, 1988, appellants filed an amended complaint. On May 24, 1988, the City filed a section 2—615 motion with regard to that amended complaint. The circuit court granted the motion, but granted appellants leave to amend their complaint to assert an as-applied due process challenge to section 185—46.3. On July 25, 1990, appellants sought leave to file their second amended complaint *instanter*. On November 19, 1990, the circuit court struck

this motion because appellants' counsel failed to appear to present it. Appellants then filed a renewed motion to file a second amended complaint, which the circuit court granted on December 2, 1990.

Subsequently, the City filed a motion to reconsider the order allowing appellants to file a second amended complaint. On September 18, 1991, the circuit court agreed with the City and withdrew leave to file the second amended complaint. Appellants then filed a timely notice of appeal.

●1 Regarding revenue laws, both the United States Supreme Court and the supreme court of Illinois have held that States have a very wide discretion. (*Madden v. Kentucky* (1940), 309 U.S. 83, 87-88, 84 L. Ed. 590, 593, 60 S. Ct. 406, 408; *People ex rel. Kutner v. Cullerton* (1974), 58 Ill. 2d 266, 272, 319 N.E.2d 55; *Doolin v. Korshak* (1968), 39 Ill. 2d 521, 528, 236 N.E.2d 897.) The due process and equal protection clauses require merely that a State move upon a rational basis and not resort to a legislative classification that is palpably arbitrary. (*Allied Stores of Ohio, Inc. v. Bowers* (1959), 358 U.S. 522, 526-27, 3 L. Ed. 2d 480, 484-85, 79 S. Ct. 437, 440-41; *Kutner*, 58 Ill. 2d at 272-73.) Additionally, not only is a statute valid if the legislative classifications are supported by a reasonable basis, but a presumption of constitutionality is applied to revenue laws, and this presumption can be overcome only by a clear showing that the statute is arbitrary and insupportable by any set of facts. (*Pick v. Pucinski* (1993), 247 Ill. App. 3d 1068, 1071, 618 N.E.2d 657; *Mlade v. Finley* (1983), 112 Ill. App. 3d 914, 919, 445 N.E.2d 1240.) It is the burden of the person attacking a legislative classification to negate every conceivable basis which might support it. *Madden*, 309 U.S. at 88, 84 L. Ed. at 593, 60 S. Ct. at 408; *Doolin*, 39 Ill. 2d at 528.

●2 Thus, the question in the case *sub judice* is whether there is a reasonable basis for the ordinances' authorization of the collection of an application fee by the water commissioner to issue a certificate of payment and the requiring of the presentation of such a certificate to the director of revenue in order to be issued transaction tax stamps. We believe there is a rational basis for the ordinances.

Clearly, the Chicago city council enacted these ordinances to address the problem of nonpayment of water and sewer bills. The legislation, which in effect places a lien on real property, enables city government to eventually collect on water bills without the need for an expensive enforcement program to identify and sue delinquent users of these services. Thus, we find the ordinances are rationally related to the legitimate interests of the City of Chicago in collecting fees due it for water and sewer services and, therefore, not violative of either the Federal or State Constitution.

In light of the foregoing, we perceive no error and the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

RIZZI and CERDA, JJ., concur.