In re ESTATE OF SUE A. BAGUS, Deceased (David J. Stinson *et al.*, Contemnors-Appellants).

Second District    No. 2—97—0394

Opinion filed February 20, 1998.

888

Eugene G. Doherty and Richard D. Gaines, both of Holmstrom & Kennedy, of Rockford, for appellants.

Christine Walsh Donnelly and Geoffrey L. Gifford, both of Pavalon & Gifford, of Chicago, for appellee Stuart Bagus.

Joseph L. Long, of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellee Estate of Sue A. Bagus.

Sharon R. Rudy, of Rockford, guardian *ad litem*.

JUSTICE RATHJE delivered the opinion of the court:

Contemnors, David Stinson and Richard Gaines, appeal the order of the circuit court of Winnebago County requiring them to produce for *in camera* inspection items identified by Stinson as personal notes relating to his psychiatric treatment of Sue Bagus. Contemnors contend that a statutory privilege prevents the disclosure of the notes, even for *in camera* inspection by the trial court.

Bagus had been a patient of Dr. Stinson for some time. She was distraught, in part, because of ongoing marriage dissolution proceedings. On May 6, 1996, Bagus committed suicide. She left a will naming her husband, Stuart, as the executor of her estate.

The estate requested copies of Bagus's records from Stinson. When he declined to comply on the basis of doctor-patient privilege, the estate filed a motion to compel production. The motion stated that the estate was investigating a possible malpractice action against Stinson and needed the records so they could be reviewed by a health care professional pursuant to section 2—622 of the Code of Civil Procedure (735 ILCS 5/2—622 (West 1996)) to determine whether such an action was potentially meritorious.

Stinson filed an objection, including an affidavit identifying certain documents as "personal notes." Stinson claimed that these personal notes were exempt from disclosure, even to the court, pursuant to section 3 of the Mental Health and Developmental Disabilities Confidentiality Act (the Act) (740 ILCS 110/3 (West 1996)). The trial court stated that it had no problem with the privilege but was concerned about who was to make the decision regarding what constituted personal notes. In reviewing the affidavit, the trial court noted that Stinson was "taking a fairly liberal interpretation" of what constituted personal notes. The court ordered Stinson to turn over his entire file, including personal notes, for *in camera* inspection.

Stinson thereafter filed a notice of partial compliance but did not produce the documents he deemed personal notes. At the suggestion of Stinson's attorney, Richard Gaines, the court found Stinson and Gaines in contempt of court and fined each of them $100. Contemnors appeal.

On appeal, contemnors argue that the Act prohibits the production for *in camera* inspection of a psychiatrist's "personal notes." The estate concedes that personal notes are privileged but contends that the court must be allowed to inspect the documents to review the psychiatrist's claim of privilege.

■ To understand fully the parties' contentions, it is necessary to examine the language and structure of the Act. Section 2 defines certain terms used throughout the Act, including the following:

"'Confidential communication' or 'communication' means any communication made by a recipient or other person to a therapist or to or in the presence of other persons during or in connection with providing mental health or developmental disability services to a recipient. ***

\* \* \*

'Personal notes' means:

(i) information disclosed to the therapist in confidence by other persons on condition that such information would never be disclosed to the recipient or other persons;

(ii) information disclosed to the therapist by the recipient which would be injurious to the recipient's relationships to other persons, and

(iii) the therapist's speculations, impressions, hunches, and reminders.

\* \* \*

'Record' means any record kept by a therapist or by an agency in the course of providing mental health or developmental disabilities service to a recipient concerning the recipient and the services provided. *** Record does not include the therapist's personal notes, if such notes are kept in the therapist's sole possession for his own personal use and are not disclosed to any other person, except the therapist's supervisor, consulting therapist or attorney. If at any time such notes are disclosed, they shall be considered part of the recipient's record for purposes of this Act." 740 ILCS 110/2 (West 1996).

■ Section 3 of the Act provides that all records and communications shall be confidential and shall not be disclosed "except as provided in this Act." 740 ILCS 110/3(a) (West 1996). That section further provides:

"A therapist is not required to but may, to the extent he determines it necessary and appropriate, keep personal notes regarding a recipient. Such personal notes are the work product and personal property of the therapist and shall not be subject to discovery in any judicial, administrative or legislative proceeding or any proceeding preliminary thereto." 740 ILCS 110/3(b) (West 1996).

Section 10 provides for the limited disclosure of patient records in civil, criminal, administrative, or legislative proceedings. Relevant to this case is paragraph (a)(2), which provides as follows:

"Records or communications may be disclosed in a civil proceed-

ing after the recipient's death when the recipient's physical or mental condition has been introduced as an element of a claim or defense by any party claiming or defending through or as a beneficiary of the recipient, provided the court finds, after in camera examination of the evidence, that it is relevant, probative, and otherwise clearly admissible; that other satisfactory evidence is not available regarding the facts sought to be established by such evidence; and that disclosure is more important to the interests of substantial justice than protection from any injury which disclosure is likely to cause." 740 ILCS 110/10(a)(2) (West 1996).

■ The primary issue, then, is the proper construction of the Act. In construing a statute, a court must ascertain and give effect to the legislature's intent in enacting the statute. *Collins v. Board of Trustees of the Firemen's Annuity & Benefit Fund*, 155 Ill. 2d 103, 110 (1993); *DiMarco v. City of Chicago*, 278 Ill. App. 3d 318, 324 (1996). The statutory language is usually the best indication of the drafters' intent, and the language should be given its plain, ordinary, and popularly understood meaning. *Collins*, 155 Ill. 2d at 111.

Nothing in the Act states that a therapist's personal notes are not subject to *in camera* review. Rather, section 3 merely provides that such notes are not "discoverable." The estate agrees with Dr. Stinson that his personal notes are not discoverable. Where the parties disagree is on the question of who should determine what constitutes personal notes. Stinson contends that he alone must make that determination, while the estate contends that the court, in its usual role of supervising discovery, should have the last word.

■ Evaluating the relevance of discovery requests and ensuring parties' compliance are uniquely judicial functions. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 443 (1997). Under the supreme court rules, trial courts have broad powers to supervise the discovery process. *Atwood v. Warner Electric Brake & Clutch Co.*, 239 Ill. App. 3d 81, 88 (1992). Supreme Court Rule 201 provides that the court, upon motion of any party or witness, or on its own motion, "may supervise all or any part of any discovery procedure." 166 Ill. 2d R. 201(c)(2). Thus, we believe the trial court has the inherent authority to review Dr. Stinson's files *in camera* to determine which documents in fact constitute personal notes.

We note that the privilege the Act creates belongs to the patient; the Act does not create a psychiatrist's privilege against malpractice suits. Section 4 of the Act provides that the recipient is entitled to inspect and copy his or her records. 740 ILCS 110/4(a)(2) (West 1996). Section 10 provides that the privilege is waived if the recipient introduces his mental condition "or any aspect of his services received"

into a proceeding. 740 ILCS 110/10(a)(1) (West 1996). Although the Act defines "records" as excluding personal notes (740 ILCS 110/2 (West 1996)), construing the statute as Dr. Stinson suggests would permit a therapist to defeat the intent of the statute and deny a patient access to his own records simply by declaring that all his records relating to the patient constitute personal notes.

For example, a potential medical malpractice defendant, such as Dr. Stinson, could refuse to turn over any portion of his file regarding his treatment of the patient, claiming that all the documents were personal notes and submitting an affidavit to that effect. Under Stinson's reading of the statute, the trial court would be completely powerless to review the propriety of that claim and would have no choice but to reject the discovery request. We are confident the legislature did not intend such an absurd result. Allowing a party or potential party to an action to determine unilaterally which documents he will produce for discovery creates an obvious potential for mischief. Such a reading of the Act stands the privilege on its head, creating a psychiatrist's privilege rather than a patient's privilege, and could not have been intended by the legislature.

Moreover, we agree with the estate that reading the Act as Stinson suggests would raise separation of powers concerns. See Ill. Const. 1970, art. II, § 1. In *Best*, the supreme court reiterated that determining the relevance of evidence and controlling the discovery process are inherently judicial functions, and legislative enactments that attempt to usurp that function are invalid. *Best*, 179 Ill. 2d at 443-44. Stinson's reading of the statute, that a particular class of documents has been declared categorically off-limits, even to a trial court *in camera* while supervising discovery in a lawsuit, potentially runs afoul of the separation of powers provision. Because we have a duty to construe a statute, if possible, so that it is constitutional (*City of Chicago v. Morales*, 177 Ill. 2d 440, 448 (1997)), these considerations militate in favor of rejecting Stinson's proposed construction of the statute.

Ironically, Dr. Stinson relies on cases that discuss the importance of the privilege to the patient. In *Jaffee v. Redmond*, 518 U.S. 1, 135 L. Ed. 2d 337, 116 S. Ct. 1923 (1996), the Supreme Court discussed the importance of confidentiality to the patient-therapist relationship. The court noted that the nature of psychotherapy requires that the patient be free to express his or her innermost thoughts. A patient's knowledge that those conversations could be disclosed to third parties at a later date would likely chill the relationship. *Jaffee*, 518 U.S. at 20, 135 L. Ed. 2d at 345, 116 S. Ct. at 1928-29. These concerns obviously are not implicated where a patient

(or the personal representative of a deceased patient) seeks the disclosure of her *own* records. In fact, recognizing a broad privilege in this situation might have the same chilling effect that concerned the court in *Jaffee*. A patient may not be able to establish a relationship of trust with a therapist if she knows that he may arbitrarily withhold her file from her at a later date.

We conclude that the trial court did not err by requiring the production for *in camera* inspection of those documents identified by Dr. Stinson as personal notes. We reiterate that the estate does not challenge the provision of the statute that personal notes are privileged from discovery. Thus, any documents that the trial court determines are personal notes shall not be disclosed to the estate or its attorneys. If the court determines that any documents are not personal notes, the court may order their disclosure if it finds the other requirements of section 10(a)(2) have been met.

The judgment of the Winnebago County circuit court is affirmed, and the cause is remanded for further proceedings.

Affirmed and remanded.

GEIGER, P.J., and BOWMAN, J., concur.