JOHN L. ATWOOD et al., Plaintiffs-Appellants, v. WARNER ELECTRIC BRAKE AND CLUTCH COMPANY, INC., Defendant-Appellee (John L. Atwood et al., Plaintiffs-Appellants, v. Ethyl Corporation et al., Defendants-Appellees; Kristopher E. Johnson et al., Plaintiffs-Appellants, v. Ethyl Corporation et al., Defendants-Appellees).

Second District   No. 2—91—0930

Opinion filed December 15, 1992.

Thomas A. Debra and Harry C. Lee, both of Leonard M. Ring & Associates, of Chicago (Leonard M. Ring, of counsel), for appellants.

Tressler, Soderstrom, Maloney & Priess, of Chicago (Stephen T. Grossmark, of counsel), for appellees Ethyl Corporation and Diamond Shamrock & Dow.

George F. Venci, of Chapman & Cutler, of Chicago (Michael W. Ford, of counsel), for appellee Warner Electric Brake and Clutch Company.

Roseann Oliver, Suzanne M. Metzel, and John E. Rodewald, all of Pope & John, Ltd., of Chicago, for appellee McKesson Corporation.

Thomas H. Neuckranz, Alfred A. Spitzerri, and James R. Studnicka, all of Williams & Montgomery, Ltd., of Chicago, for appellee Milwaukee Solvents.

Peter S. Switzer and Thomas G. Ruud, both of Barrick, Switzer, Long, Balsley & Van Evera, of Rockford, for appellee Viking Chemical.

Leo J. Sullivan, of Sullivan, Smith, Hauser & Noonan, Ltd., of Waukegan, for appellee Harcros Chemical Company.

JUSTICE DUNN delivered the opinion of the court:

This cause involves a number of toxic tort cases consolidated for the purposes of discovery. Plaintiffs, approximately 120 residents of Roscoe, Illinois, filed suit against eight defendants, including Warner Electric Brake & Clutch Company (Warner), for damages allegedly sustained as a result of long-term exposure to trichlorethylene (TCE), an industrial cleaning solvent. Plaintiffs appeal pursuant to Supreme Court Rule 308. 134 Ill. 2d R. 308.

The questions certified for appeal are:

"I. Whether the trial court operating under discovery schedule orders and case management orders in these cases consolidated for discovery purposes and involving approximately 120 separate plaintiffs had the authority and/or discretion to:

(A) Require the plaintiffs in this cause to certify by a date certain that each plaintiff's medical or personal injury claims have been identified and the cause of those claims have [sic] been identified and that the cause of those claims have [sic] been the exposure to materials which are the subject of these cases as required in the order of April 5th, 1990;

(B) Upon failure of the individual plaintiffs to certify as required in subparagraph A above, to order that any medical or personal injury claim that is not fully identified in these reports, including but not limited to prognosis of any injury or disease, and which is not identified as being causally related to the exposure to the materials which are the subject of these cases is barred?

II. Is the order of partial summary judgment of July 12th [sic] 1991, an appropriate manner in determining whether the claims should be barred; and, if so, whether the order was justified under the circumstances of this case?"

In April 1983, the Winnebago County Department of Public Health notified affected residents of Roscoe that the department found high concentrations of TCE and other volatile organic chemicals in the groundwater serving the wells of the community. The department informed residents that TCE had been found to be carcinogenic to animals and, as such, should be assumed human carcinogens. In their complaint, plaintiffs allege defendant Warner operated a manufacturing plant which used TCE in large volume degreasing operations of newly manufactured parts and for cleaning floors and machinery at the plant. Plaintiffs allege the residue water containing TCE was directed through plant drains to untreated lagoons on Warner's

property and percolated through the ground into the aquifer which supplied the City of Roscoe's fresh water.

Plaintiffs filed the first of these consolidated cases, Atwood v. Warner Electric Brake & Clutch Co., in 1985. In July 1986, in Atwood v. Ethyl Corp. plaintiffs filed suit against the other seven defendants all of which were manufacturers or distributors of industrial solvents. The cases were consolidated for the purposes of discovery.

The first complaints filed in the Warner and Ethyl cases alleged one cause of action against defendants, rather than individual causes of action. On October 1, 1987, the trial court ordered plaintiffs to file individual causes of action in the Warner case. In their second amended complaint, filed January 13, 1988, although plaintiffs complied with the trial court's order to file individual causes of action, each individual's allegations merely incorporated identical counts of the complaint. Thus, each plaintiff alleged identical injury. Plaintiffs alleged that through their ingestion and use of the contaminated well water they had been continuously exposed to large concentrations of TCE and other volatile organic chemicals from the time they set up residence in Roscoe through July 1984. Plaintiffs alleged that as a direct result of defendants' conduct they suffered rashes, dizziness, fatigue and prolonged malaise. They further alleged that through their ingestion of the contaminated water and the inhalation of the contaminated vapors therefrom they had suffered and will continue to suffer

> "injury to [the] central nervous system, peripheral nervous system, cardiovascular system, reproductive system, genitourinary system and hypatic damage, and other injuries; that by reason of said injuries sustained, plaintiff[s] [have] and will continue to suffer great pain. By reason of said injuries plaintiff[s] [have] sustained emotional distress and mental anguish including fear of contracting and dying from cancer."

On October 1, 1987, the parties entered into a discovery schedule agreement. The court put the agreement into the form of a discovery schedule order. That schedule required in part that plaintiffs produce reports of medical examinations by plaintiffs' doctors or experts, and that plaintiffs submit to medical examinations by defendants' doctors or experts before the depositions of the plaintiffs were scheduled. Plaintiffs agreed to produce reports identifying the injuries for approximately one-half of the plaintiffs by October 18, 1987, and for the remaining plaintiffs by February 10, 1988. This schedule was later made applicable to the cases against the remaining defendants.

On December 11, 1989, after plaintiffs received numerous extensions of time to comply with the discovery schedule, plaintiffs pro-

duced some, but not all, of the reports identifying their injuries. Because of the tremendous task discovery posed in the case and the delays which ensued, the trial court stated:

"[O]ne thing we may have to consider would be that the plaintiffs file some kind of a certificate, something as to each plaintiff, that you have completed all the examinations and that person is ready to be deposed and that you have provided all the reports so that way we are not going to be going back on anyone. If you have something else you have to get done or you feel needs to be done on a specific person, you get it done."

The court suggested that defendants file a motion requesting some sort of certification.

On January 10, 1990, defendants filed a motion to compel plaintiffs to certify that each plaintiff had identified personal injury claims. In that motion, defendants requested, pursuant to Supreme Court Rule 219(c) (134 Ill. 2d R. 219(c)), that the court set a date certain by which each plaintiff would certify that he or she had identified his or her medical or personal injury claims and the cause of those claims. After hearing arguments and receiving proposed orders from both plaintiffs and defendants, the trial court granted defendants' motion on April 5, 1990.

The April 5 order was entered pursuant to Supreme Court Rule 219(c). (134 Ill. 2d R. 219(c).) It provided in pertinent part:

"IT IS HEREBY ORDERED that on or before July 5, 1990[,] each individual plaintiff and his or her attorney shall certify that:

(a) each plaintiff has been examined by each medical professional that the plaintiff, his or her attorney and/or his or her retained medical professional[s], consulting or otherwise, deem necessary to evaluate each individual plaintiff's medical, or personal injury, [sic] claims causally related to this case;

(b) each plaintiff has identified all of his or her medical, or personal injury, [sic] claims causally related to this case by way of the expert reports.

(c) each plaintiff is ready to be deposed. It is further ordered that any medical, or personal injury, [sic] claim that is not fully identified in these reports[,] including, [sic] but not limited to, the prognosis of any injury or disease, and which is not identified as being causally related to exposure to materials which are the subject of these cases shall be barred."

Each plaintiff was required to file a separate certification. The order excluded any newly developed personal injuries not ascertainable at the date of the filing of the certifications.

After plaintiffs were granted a number of extensions of time to file their certificates, the trial court granted its final extension on February 14, 1991. The trial court ordered plaintiffs to file the medical certificates by April 1, 1991. The court admonished plaintiffs that this was their final extension in this regard. Plaintiffs filed a number of certifications by April 1, 1991.

On June 5, 1991, defendants filed a number of motions for partial summary judgment, two of which are relevant to this appeal. The first motion sought summary judgment for certain plaintiffs' personal injury claims included in plaintiffs' complaint, but not listed in plaintiffs' certifications. The second motion sought summary judgment for certain claims listed in plaintiffs' certifications which were not supported by the requisite medical reports.

The trial court granted defendants' motions on July 8, 1991, and scheduled a hearing for July 12, 1991, to determine the precise language to be used in the order. In granting the motion, the court stated that it looked upon the situation as the enforcement of a prior order rather than a partial summary judgment. On July 12, the trial court entered its order which provided in part that there were no genuine issues of material facts raised by defendants in their motion and that, accordingly, defendants were entitled to judgments regarding those motions as a matter of law.

Specifically, the trial court found that any claims for personal injury not contained in plaintiffs' medical certifications were dismissed with prejudice, as well as any claims contained in the certifications for which no medical report had been produced. Attached to the court's order was a listing of plaintiffs' claims to which the cause of action would be limited. The court also stated that its order was intended to be consistent with and implement the April 5, 1990, order.

Plaintiffs sought reconsideration of both the summary judgment order and the April 5, 1990, order. The trial court declined to reconsider either order and certified the issue for appeal.

# I

We turn now to our discussion of the first question certified on appeal. The first portion of that question asks:

"I. Whether the trial court operating under discovery schedule orders and case management orders in these cases consoli-

dated for discovery purposes and involving approximately 120 separate plaintiffs had the authority and/or discretion to:

> (A) Require the plaintiffs in this cause to certify by a date certain that each plaintiff's medical or personal injury claims have been identified and the cause of those claims have [*sic*] been identified and that the cause of those claims have [*sic*] been the exposure to materials which are the subject of these cases as required in the order of April 5th, 1990[.]"

We conclude that it did.

Under the supreme court rules, trial courts have broad powers to supervise the discovery process. (*Amoco Oil Co. v. Segall* (1983), 118 Ill. App. 3d 1002, 1012.) The rules make it clear discovery procedures were designed to be flexible and adaptable to the infinite variety of cases and circumstances appearing in the trial court. (*Mistler v. Mancini* (1982), 111 Ill. App. 3d 228, 232.) Moreover, the increasing complexity and volume of litigation involves frequent recourse to discovery procedures. (*Mistler*, 111 Ill. App. 3d at 232.) In a case such as this, where the issues are as numerous and complex as the parties are plentiful, it is important to grant the trial court flexibility in managing the discovery process.

Supreme Court Rule 201 gives a trial court the authority to supervise all or any part of any discovery procedure. (134 Ill. 2d R. 201(c)(2).) In addition, Rule 201 grants a trial court the authority to sequence discovery for the convenience of the parties and witnesses and in the interests of justice. (134 Ill. 2d R. 201(e).) Rule 201 also provides that the trial of a case shall not be delayed to permit discovery unless due diligence is shown. 134 Ill. 2d R. 201(f).

■ Here, the trial court initially required plaintiffs to identify their injuries and produce medical reports in October 1987. When plaintiffs failed to comply with that discovery schedule order after numerous extensions of time, the trial court responded with its order of April 5, 1990, requiring plaintiffs to certify their injuries and causally relate them to exposure or be barred from bringing those claims, pursuant to Rule 219(c). Five years into the litigation, the defendants were still unaware of the exact nature of the claims against them. The trial court determined that it was imperative for plaintiffs to identify their claims and causally relate them to the cause of action before defendants began deposing the large number of plaintiffs' experts and witnesses. We cannot say the trial court exceeded its authority under the discovery rules by requiring plaintiffs to comply with the April 5, 1990, order or be barred from asserting those claims.

Plaintiffs argue the trial court's order required them to make a *prima facie* showing of injury and proximate cause as a condition precedent to discovery and that such a requirement violated their right to due process. We disagree. ▸

■ Due process is not a technical concept unrelated to time, place, and circumstances, but, rather, is a flexible concept which calls for such procedural protections as a particular situation demands. (*People v. Webb* (1989), 182 Ill. App. 3d 908, 912.) Plaintiffs in this case were not denied due process. Defendants attempted to obtain full discovery for nearly five years by means of numerous requests and interrogatories prior to the trial court's April 5 order. Plaintiffs were given ample opportunity to comply with all discovery orders entered in this case. Because the litigation was making little progress after five years in the discovery stage, the trial court entered an order designed to implement full discovery, not to bar plaintiffs from bringing certain claims against defendants. Such an order did not violate plaintiffs' right to due process.

■ Section (B) of the first question certified for review asks whether the trial court had the authority, upon the failure of the individual plaintiffs to certify as required, to order that any medical or personal injury claim that was not fully identified in these reports, including but not limited to prognosis of any injury or disease, and which was not identified as being causally related to the exposure to the materials which are the subject of these cases, be barred. We conclude the trial court acted within its authority.

Discovery rules establish guidelines for a fair and orderly procedure whereby discovery and full disclosure may be accomplished. The rules permit the imposition of sanctions upon a party deemed by the trial court to have abused or disregarded discovery rules or procedures. (*Harris v. Harris* (1990), 196 Ill. App. 3d 815, 819.) Rule 219(c) provides that when a party fails to comply with an order entered under the discovery rules, the court may enter any just order, including the dismissal of that party's action, with or without prejudice. (134 Ill. 2d R. 219(c).) The appropriate sanction for a party's noncompliance is a matter within the broad discretion of the trial court and absent abuse will not be disturbed on appeal. *Harris*, 196 Ill. App. 3d at 819-20.

Plaintiffs argue the barring of their claims is too drastic a sanction. They argue the courts have found the barring of a claim to be a severe sanction, not to be invoked except where the actions of the parties show a deliberate and willful disregard of the court's authority. See *Gallo v. Henke* (1982), 107 Ill. App. 3d 21.

However, Illinois courts are becoming less tolerant of violations of discovery rules, even at the expense of a case being decided on the basis of the sanction imposed, rather than on the merits of the litigation. (*Harris*, 196 Ill. App. 3d at 820.) Clearly, the purpose of sanctions is to accomplish the goal of discovery, not to punish. At the same time, courts have an interest in promoting the unimpeded flow of litigation. *Harris*, 196 Ill. App. 3d at 820.

We conclude the trial court acted within its authority under Rule 219(c) and did not abuse its discretion by barring plaintiffs' claims for which no certifications and medical reports had been filed. While it is true the record does not reveal plaintiffs acted in willful disregard of the trial court's authority, considering the complex nature of the case and the large number of parties involved, the six-year delay in compliance with the discovery order was excessive and indicative of a lack of diligence or an inability to produce the required information.

## II

The second and last question certified for review is whether the use of an order of partial summary judgment of July 12, 1991, was an appropriate manner to determine whether the claims should be barred and, if so, whether the order was justified under the circumstances of this case.

We have concluded the claims for which no certification was filed and claims not supported by the required medical reports were properly dismissed as a sanction under Rule 219(c). Although the trial court granted summary judgment as to these claims, we have the authority to affirm the trial court on any basis supported by the record. (See *Bell v. Louisville & Nashville R.R. Co.* (1985), 106 Ill. 2d 135, 148.) However, as to claims defendants asserted were insufficient, despite the fact the required certifications and medical reports were filed, summary judgment may have been proper.

The law is clear that a defendant may move for summary judgment at any time as to all or any part of the relief sought against him or her. (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005(b).) While a plaintiff need not prove his or her case at the summary judgment stage, he or she must at least come forward with enough evidence to adequately create a genuine issue of material fact. (*Estate of Henderson v. W.R. Grace Co.* (1989), 185 Ill. App. 3d 523, 530.) It is possible plaintiffs failed to establish a genuine issue of material fact regarding certain certified individual claims.

Thus, we conclude the trial court has the authority under Rule 219(c) to bar claims of plaintiffs who failed to file the required certifi-

cations and medical reports pursuant to the April 5, 1990, order of the trial court. We also conclude that the use of partial summary judgment proceedings under section 2—1005 of the Code of Civil Procedure (Ill. Rev. Stat. 1991, ch. 110, par. 2—1005), and not sanctions under Rule 219(c), is the appropriate procedure to determine summarily the disputed claims of plaintiffs who complied with the April 5, 1990, order by filing certifications and medical reports.

However, the propriety of the summary dismissal of the personal injury claims of each of the plaintiffs who filed the required certifications and medical reports was not certified to us in this appeal, nor do we find the July 12, 1991, order as applied to these plaintiffs to be final and appealable at this time. We therefore do not review the summary dismissal of their individual claims in this appeal.

Accordingly, we affirm the April 5, 1990, order and remand the cause to the trial court for further proceedings consistent with the opinions set forth herein in answer to the questions certified to this court for review.

Affirmed in part; remanded for further proceedings.

INGLIS, P.J., and McLAREN, J., concur.