WILLIAM P. COWHEY, Plaintiff-Appellant, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (2nd Division)   No. 1—92—0874

Opinion filed March 8, 1994.

William P. Cowhey, of Chicago, appellant *pro se.*

Kelly R. Welsh, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Frederick S. Rhine, Assistant Corporation Counsel, of counsel), for appellee.

PRESIDING JUSTICE DiVITO delivered the opinion of the court:

In an administrative review action, plaintiff William Cowhey challenged an adverse administrative ruling on a parking ticket issued to him. The circuit court entered judgment and costs for plaintiff. Defendant, the City of Chicago, challenged the judgment and the court's award of costs, and the court granted the motion to vacate the award of costs. Plaintiff appeals.

Plaintiff received a parking violation notice on July 7, 1991, pursuant to section 9—64—050(c) of the Municipal Code of the City of Chicago, which prohibits parking in spaces reserved for the handicapped. (Chicago Municipal Code § 9—64—050(c) (1991).) He challenged the ticket in an administrative hearing, and the hearing officer determined that plaintiff failed to rebut the *prima facie* case established by the notice of a parking violation. Plaintiff then sought administrative review of the determination of the hearing officer.

At the hearing, plaintiff argued that the hearing officer refused to consider his evidence. Defendant informed the court that it was unable to produce a transcript of the proceedings before the hearing officer. The court then entered judgment reversing the administrative decision and awarding costs to plaintiff.

Defendant filed a motion to vacate the judgment, requesting that the cause be remanded for further proceedings. The circuit court denied defendant's request for remand, but granted the portion of defendant's motion which requested vacating the award of costs.

In this appeal plaintiff asserts that the parking ordinance violates due process in that it precludes parties from raising meritorious defenses. Specifically, the applicable ordinance provides that parking violations may be contested only on the following grounds: (1) that the respondent did not own the vehicle at the time of the violation; (2) that the vehicle or its registration plates were stolen at the time of violation; (3) that the relevant parking signs were missing or obscured; (4) that the meter malfunctioned without fault of the respondent; and (5) that the supporting facts alleged in the parking notice do not demonstrate a violation. (Chicago Municipal Code § 9—100—060 (1991).) According to plaintiff's brief, he attempted to argue that the sign at the site where he parked on a Sunday provided that the area was a no parking zone only during business hours Monday through Friday, but the hearing officer found this evidence irrelevant. Plaintiff thus argues that his right to due process of law was violated.

Defendant argues that plaintiff lacks standing to challenge the constitutionality of the ordinance. We agree.

After plaintiff lost at the administrative level, he challenged the decision. The circuit court entered judgment for plaintiff after it was established that defendant was unable to produce a transcript of the administrative hearing. Judgment on the parking violation was therefore entered in plaintiff's favor. Thus, plaintiff cannot assert error concerning the entry of judgment in his favor because it does not prejudicially affect him. See *Material Service Corp. v. Department of Revenue* (1983), 98 Ill. 2d 382, 386, 457 N.E.2d 9.

Plaintiff also argues that the court erred in vacating its award of costs to him, an argument for which he has standing. Neither the statutory provision which governs administrative review of parking violations (Ill. Rev. Stat. 1991, ch. 95$^1$/$_2$, par. 11—208.3 (now codified as 625 ILCS 5/11—208.3 (West 1992))) nor the city ordinance authorizes the award of costs. According to plaintiff, the ordinance is unconstitutional because the failure to provide for awards of costs serves to deny a party due process of law. Plaintiff has not supported this argument with citations to authority and it is thus waived. 134 Ill. 2d R. 341(e)(7); *Holmstrom v. Kunis* (1991), 221 Ill. App. 3d 317, 325, 581 N.E.2d 877.

In any case, plaintiff's argument would not succeed. A municipal corporation is not liable for litigation costs which arise when the

municipality is acting in its governmental capacity. (*Brink v. Hayes Branch Drainage District* (1978), 59 Ill. App. 3d 828, 833, 376 N.E.2d 78.) Even if costs were assessable, a party to an action has no constitutional right to avoid payment of filing costs. Whether a litigant is awarded costs from his adversary is generally within the discretion of the circuit court. (*Schuringa v. City of Chicago* (1964), 30 Ill. 2d 504, 519, 198 N.E.2d 326.) Defendant has not demonstrated that the circuit court's determination constituted an abuse of discretion.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

HARTMAN and McCORMICK, JJ., concur.