ADA VAN HARKEN *et al.*, Indiv. and as Class Representatives, Plaintiffs-Appellants, v. THE CITY OF CHICAGO, Defendant-Appellee.

First District (4th Division)   No. 1—98—0667

Opinion filed June 24, 1999.

Dana Andrew Alden & Associates, of Chicago (Dana Andrew Alden, of counsel), for appellants.

Brian L. Crowe, Corporation Counsel, of Chicago (Lawrence Rosenthal, Benna Ruth Solomon, and Julian N. Henriques, Jr., Assistant Corporation Counsel, of counsel), for appellee.

JUSTICE HOFFMAN delivered the opinion of the court:

The plaintiffs, Ada Van Harken, Alex French, and Michael Bennett, both individually and as class representatives, filed an action against the City of Chicago (City), challenging the constitutionality of the "Administrative Adjudication of Parking or Compliance Violations" ordinance (Ordinance) (Chicago Municipal Code § 9—100—010 *et seq.* (eff. January 1, 1997)). The circuit court dismissed the plaintiffs' claim, and they have appealed. The plaintiffs contend that the trial court erred in dismissing their complaint because the Ordinance violates both the separation of powers clause and the due process clause of the Illinois Constitution. Ill. Const. 1970, art. II, § 1; art. I, § 2.

Historically, Chicago parking violations were adjudicated in the circuit court. In 1987, the Illinois General Assembly amended the Illinois Vehicle Code and authorized municipalities to enact administrative adjudication systems to dispose of parking violations. 625 ILCS 5/11—208.3(a) (West 1996). In 1990, the City established a system for the adjudication of parking violations that allows vehicle owners to contest parking tickets by mail or in person at an administrative hearing. Chicago Municipal Code §§ 9—100—070, 9—100—080 (eff. January 1, 1997). In either case, the challenges are adjudicated by attorneys who have been appointed to serve as administrative law officers ("hearing officers"). Chicago Municipal Code §§ 2—14—030, 2—14—040 (amend. November 12, 1997); § 9—100—080(a) (eff. January 1, 1997). The hearing officers are employed as independent contractors and are paid an hourly rate for the work they perform. They are not compensated based on the number of cases they review. Nor are they entitled to receive a pension, paid vacation, paid sick leave, or other benefits received by City employees.

Under this system, the parking ticket is considered *prima facie* evidence of a violation. 625 ILCS 5/11—208.3(b)(3) (West 1996); Chicago Municipal Code § 9—100—080(e) (eff. January 1, 1997). The police of-

ficer[1] who issued the parking ticket is not required to appear at the hearing. The ticket recipient may appear *pro se* or be represented by an attorney. Chicago Municipal Code § 9—100—080(b) (eff. January 1, 1997). The hearing officer can subpoena witnesses (including the police officer who issued the ticket) and may consider any testimony or documentary evidence submitted by the respondent. Chicago Municipal Code § 9—100—080(d) (eff. January 1, 1997). The training manual given by the City to each hearing officer instructs the officers regarding the informal nature of the hearing, the burden of proof that the ticket recipient must sustain, the types of defenses that will defeat the City's *prima facie* case, and the procedure for rendering their determination of liability or nonliability. If the hearing officer finds a violation, then the ticket recipient may seek judicial review in the circuit court. Chicago Municipal Code §§ 9—100—070(d), 9—100—090(a) (eff. January 1, 1997).

In this case, Van Harken, Bennett, and French all received parking tickets in the City of Chicago. Van Harken contested his ticket by requesting an adjudicatory hearing. Bennett contested his ticket by mail, and French failed to contest his ticket within the time permitted by the City's Ordinance. Each of the plaintiffs received a fine, but none of them sought judicial review.[2] Instead, the plaintiffs filed a class action suit in federal court, seeking a declaration that the Ordinance was unconstitutional. See *Van Harken v. City of Chicago*, 906 F. Supp. 1182 (N.D. Ill. 1995), *aff'd as mod.*, 103 F.3d 1346 (7th Cir. 1997). The plaintiffs alleged that the Ordinance violated the due process clause of both the United States and Illinois Constitutions. *Van Harken*, 906 F. Supp. at 1185. The federal court certified the proposed class under Rule 23(b)(2) (Fed. R. Civ. P. 23(b)(2)), but excluded those individuals who either paid the fine without requesting a hearing or were found liable under section 9—100—050(d)[3] of the Ordinance. Chicago Municipal Code § 9—100—050(d) (eff. January 1,

[1]For purposes of this opinion, the term "police officer" shall also include traffic control aides, other designated members of the police department, parking enforcement aides, and other persons authorized by the City's traffic compliance administrator to issue parking and compliance violation notices. Chicago Municipal Code §§ 9—100—030, 9—100—040 (eff. January 1, 1997).

[2]Although the underlying facts regarding the parking violations received by the named plaintiffs were not contained in the plaintiffs' amended complaint, they appear of public record in *Van Harken*, 906 F. Supp. at 1188 n.7, and are contained in the City's appellate brief.

[3]Under section 9—100—050(d), the ticket recipient has seven days within which to pay the fine indicated on the ticket, contest the ticket by mail, or request an in-person administrative hearing. If the ticket recipient fails to re-

1997). The district court subsequently dismissed the plaintiffs' claim under Rule 12(b)(6) (Fed. R. Civ. P. 12(b)(6)), for failure to state a cause of action. The Seventh Circuit Court of Appeals affirmed the dismissal of the federal claim, but made the dismissal of the state claim without prejudice to its being filed in state court. *Van Harken*, 103 F.3d at 1354-55.

The plaintiffs thereafter filed this action in the circuit court of Cook County, contending that the administrative process for reviewing parking violations violated both the due process clause and the separation of powers clause of the Illinois Constitution. The City filed a motion to dismiss the plaintiffs' amended complaint for failure to state a cause of action upon which relief can be granted. The circuit court granted the City's motion and dismissed the complaint with prejudice.[4]

■ At the outset, we note that municipal ordinances, like statutes, are presumed constitutional. *City of Chicago Heights v. Public Service Co.*, 408 Ill. 604, 609, 97 N.E.2d 807, 810 (1951). The party challenging a statute, or ordinance, has the burden of establishing any constitutional infirmities. *Chicago Allis Manufacturing Corp. v. Metropolitan Sanitary District*, 52 Ill. 2d 320, 327, 288 N.E.2d 436, 441 (1972); *Land & Lakes Co. v. Pollution Control Board*, 245 Ill. App. 3d 631, 638, 616 N.E.2d 349, 354 (1993). In ruling on a motion to dismiss, the court must accept all well-pled facts in the complaint as true and draw all reasonable inferences from those facts in favor of the plaintiff. See *Miner v. Gillette Co.*, 87 Ill. 2d 7, 19, 428 N.E.2d 478, 484 (1981). Because the resolution of the plaintiffs' motion involves only a question of law, our review is *de novo. Stephen L. Winternitz, Inc. v. National Bank*, 289 Ill. App. 3d 753, 755, 683 N.E.2d 492, 494 (1997).

■ As a preliminary matter, we reject the City's argument that the plaintiffs' complaint should be dismissed because they did not fully avail themselves of the administrative process they are now challeng-

---

spond in a timely manner, then the hearing officer shall send a second notice informing the individual of his options. If the ticket recipient does not respond to the second notice within 14 days, then a determination of liability shall be entered in the amount stated on the ticket. Chicago Municipal Code § 9—100—050(d) (eff. January 1, 1997).

[4]The plaintiffs filed their complaint as a proposed class action. Nothing contained in the record indicates that the plaintiffs sought to have the class certified. However, we note that a trial court may rule upon a defendant's motion to dismiss before the question of class certification has been decided. *Wheatley v. Board of Education of Township High School District 205*, 99 Ill. 2d 481, 485-86, 459 N.E.2d 1364, 1367 (1984).

ing. Generally, a plaintiff may not seek judicial relief from an administrative action unless he has exhausted all of the administrative remedies available to him. *Phillips v. Graham*, 86 Ill. 2d 274, 289, 427 N.E.2d 550, 557 (1981). However, if the complaint attacks the constitutionality of a statute or ordinance on its face, the plaintiff need not exhaust all of his administrative remedies before seeking judicial relief. See *Phillips*, 86 Ill. 2d at 289, 427 N.E.2d at 557. We therefore turn to the plaintiffs' contentions that the Ordinance is unconstitutional on its face.

The plaintiffs first contend that the City's system for adjudicating parking violations, as set forth in the Ordinance, violates the separation of powers clause of the Illinois Constitution because it improperly delegates a judicial function to private attorneys acting as administrative hearing officers. We disagree.

■ The separation of powers doctrine contained in section 1 of article II of the Illinois Constitution provides: "The legislative, executive and judicial branches are separate. No branch shall exercise powers properly belonging to another." Ill. Const. 1970, art. II, § 1. The Illinois Supreme Court has consistently interpreted this section to mean that the *whole power* of two or more branches of the government shall not be compressed into a single branch of the government. *Best v. Taylor Machine Works*, 179 Ill. 2d 367, 410, 689 N.E.2d 1057, 1078 (1997); *Strukoff v. Strukoff*, 76 Ill. 2d 53, 58, 389 N.E.2d 1170, 1172 (1979). This, however, does not preclude every exercise of power by one branch of the government that requires actions normally exercised by another branch of the government. *McAlister v. Schick*, 147 Ill. 2d 84, 95, 588 N.E.2d 1156, 1156 (1992). "The separate spheres of governmental authority may overlap." *McAlister*, 147 Ill. 2d at 95, 588 N.E.2d at 1156. This concept has been expanded to include governmental agencies as well.[5] For instance, an administrative agency, by its very nature, is a combination of judicial and legislative power. *Obasi v. Department of Professional Regulation*, 266 Ill. App. 3d 693, 701, 639 N.E.2d 1318, 1324 (1994). We have repeatedly held that this overlap does not violate the separation of powers doctrine, as long as the administrative actions are subject to judicial review. *Obasi*, 266 Ill. App. 3d at 701, 639 N.E.2d at 1324; *Boles Trucking, Inc. v. O'Connor*,

---

[5]When the Illinois Constitution was amended in 1970, the General Governmental Committee emphasized that section 1 of article II "does not prohibit commissions, agencies, or offices created by statute from having powers similar to those of one or more of the three principal branches of government." ILCS Ann., 1970 Ill. Const., art. II, § 1, Constitutional Commentary, at 2 (Smith-Hurd 1993).

138 Ill. App. 3d 764, 778, 486 N.E.2d 362, 369 (1985). In *City of Wauke-gan v. Pollution Control Board*, 57 Ill. 2d 170, 181-82, 311 N.E.2d 146, 152 (1974), our supreme court stated:

> " '[The] delegation to administrators or agencies of the quasi-judicial power to adjudicate rights *** is not invalid so long as there is an opportunity for judicial review of the administrative action. Such judicial review normally permits an aggrieved party to contest the fairness of the procedure used, the constitutionality of the substance of the regulatory statute and implementing rules and regulations, the correctness of the administrator's interpretation of the statute under which he operates, and whether or not his decision was arbitrary. In short, if the judiciary is given an adequate opportunity to review what has been done, the principle of separation of powers—or due process of law, if you will—is generally satisfied.' " *City of Waukegan*, 57 Ill. 2d at 181-82, 311 N.E.2d at 152, quoting G. Braden & R. Cohn, The Illinois Constitution: An Annotated & Comparative Analysis 104-05 (1969).

▪ In this case, if a ticket recipient challenges the parking ticket, then an administrative hearing officer will consider the evidence, make factual findings, apply the law to those findings, and determine whether the ticket recipient is liable for violating the Ordinance. The Ordinance, however, specifically provides that all findings of liability made by the hearing officers are reviewable by the circuit court under the Administrative Review Law (735 ILCS 5/3—101 *et seq.* (West 1996)). Chicago Municipal Code §§ 9—100—070(d), 9—100—090(a) (eff. January 1, 1997). Although under this system the adjudicatory function of determining whether liability exists is transferred to an administrative tribunal, the exercise of judicial power remains with the court. The court retains the ability to affirm, modify, or reverse the hearing officers' determinations. As such, the ultimate power to determine whether a parking violation was committed remains within the judicial branch of the government.

Despite the opportunity for judicial review, the plaintiffs contend that the Ordinance violates the separation of powers doctrine because any relief granted upon review by the circuit court is merely illusory and therefore meaningless. They claim that in order for judicial review to have any "vitality," it must provide ticket recipients with some meaningful protection of their rights. The plaintiffs argue that, even if ticket recipients are found not liable by the circuit court, they forfeit the nonrefundable fee required to file a claim seeking administrative review, which exceeds the maximum fine imposed for a parking violation under the Ordinance. According to the plaintiffs, the filing fee for seeking judicial review is approximately $200, whereas the fine

imposed for a parking violation varies between $10 and $150 (Chicago Municipal Code § 9—100—020 (eff. January 1, 1997)). Although the seventh circuit stated that this scheme provided the ticket recipient with an illusory remedy, it found no federal due process violation and never addressed whether such a remedy violates the separation of powers doctrine.

As we stated above, the Ordinance, on its face, does not violate the separation of powers doctrine. It provides a mechanism for seeking judicial review of the hearing officer's finding, by allowing the ticket recipient to file a complaint in the circuit court. Chicago Municipal Code §§ 9—100—070(d), 9—100—090(a) (eff. January 1, 1997). It therefore does not usurp the entire power of the judicial branch of the government. We also point out that a litigant does not have a constitutional right to avoid the payment of a filing fee, as long as it bears some rational relation to the maintenance and operation of the court system. *Cowhey v. City of Chicago*, 259 Ill. App. 3d 244, 246, 631 N.E.2d 264, 265 (1994); *Pick v. Pucinski*, 247 Ill. App. 3d 1068, 1072, 618 N.E.2d 657, 659 (1993). The amount of the fee for filing a complaint in the circuit court is not determined by the Ordinance but, rather, by a state statute. See 705 ILCS 105/27.2a (West 1996). If the plaintiffs want to challenge the constitutionality of the fees charged for administrative review in the case of parking violations, then they should have attacked the state's statute, not the City's ordinance. Furthermore, the plaintiffs make no allegation that the fee charged to file a claim seeking judicial review of the hearing officers' determinations is unreasonable. The fact that the filing fee exceeds the possible amount of recovery does not violate the separation of powers doctrine, or due process. See *Hundert v. Bieszczat*, 526 F. Supp. 1051, 1055 (N.D. Ill. 1981).

Based on the plaintiffs' claim that ticket recipients cannot obtain meaningful judicial review of the hearing officers' determinations, they contend that it is imperative under the separation of powers doctrine that the initial judgment be rendered by a judicial officer, rather than a "purely private individual." The plaintiffs seem to question the qualifications of those selected to serve as hearing officers, arguing that the administrative adjudicatory system established by the Ordinance involves the haphazard delegation of judicial power to "any independent contractor who happens to be looking for part-time work." We, however, believe that the plaintiffs have mischaracterized this issue. The argument presented by the plaintiffs raises a due process concern, not a separation of powers problem. In either case, the record does not support the plaintiffs' contention.

The record indicates that the hearing officers are appointed by the

City's traffic compliance administrator (Chicago Municipal Code §§ 9—100—070(a), 9—100—080(a) (eff. January 1, 1997)), who operates under the director of administrative adjudication (Director) (Chicago Municipal Code §§ 2—14—010, 2—14—030, 2—14—140 (amend. November 12, 1997)). They must be attorneys who have been admitted to the practice of law in the State of Illinois for at least three years (Chicago Municipal Code § 2—14—040 (amend. November 12, 1997)), and prior to serving, the attorneys must complete a formal training program (Chicago Municipal Code § 2—14—050 (amend. November 12, 1997)). The Director is responsible for monitoring and supervising the work of each hearing officer, and the hearing officers may be removed, as necessary (Chicago Municipal Code § 2—14—030(2), (4) (amend. November 12, 1997)). Contrary to the plaintiffs' assertion, this is not a haphazard process.

Finally, within their separation of powers argument, the plaintiffs contend that the Ordinance is unconstitutional because it requires the ticket recipient to pay the fine indicated on the ticket, or be subject to a penalty, before the time for seeking judicial review has expired. As argued by the City, the plaintiffs failed to preserve this issue for review on appeal by not raising it in their amended complaint and have therefore waived it for purposes of appeal. See *First Access Material Handling v. Wish*, 297 Ill. App. 3d 396, 403, 697 N.E.2d 1139, 1143 (1998).

Waiver aside, the plaintiffs' argument is without merit. Under section 9—100—050(e) of the Ordinance (Chicago Municipal Code § 9—100—050(e) (eff. January 1, 1997)), a late fee is automatically imposed on ticket recipients who fail to pay their fine within 21 days of the issuance of the determination of liability. However, the imposition of the late fee does not in any way preclude the ticket recipients from seeking judicial review of the hearing officers' determinations. Ticket recipients who are penalized for failing to pay their fines within the time prescribed by the Ordinance have the same right to seek judicial review as those who pay their fines in a timely manner and later seek judicial review in the circuit court. In the latter case, we previously found no separation of powers violation. Thus, since those who incur a penalty have the same right to judicial review as those who pay their fines in a timely fashion, the imposition of a late fee does not create a separation of powers problem.

Nevertheless, the plaintiffs cite *Northern Illinois Home Builders Ass'n, v. County of Du Page*, 251 Ill. App. 3d 494, 621 N.E.2d 1012 (1993), *aff'd in part & rev'd in part*, 165 Ill. 2d 25, 649 N.E.2d 384 (1995), as support for their position. That case, however, is clearly distinguishable from the case at bar. In *Northern Illinois Home Builders*,

the ordinance at issue provided for a 15% reduction in the amount of an impact fee charged on new developments, if the builders paid the fee and did not appeal. On the other hand, those who appealed the amount of their fee were not entitled to the 15% discount. The appellate court found that this violated due process because it penalized individuals for pursuing their right to appeal. The Illinois Supreme Court agreed that the penalty burdened the developers' right to appeal, but found that it violated the equal protection and uniformity clauses, rather than the due process clause of our constitution.

In contrast, the issue before this court was raised under the separation of powers doctrine, which was never considered by the supreme court in *Northern Illinois Home Builders*. Furthermore, the penalty at issue here is only imposed on ticket recipients who fail to pay their fines in a timely manner. It has no relation to whether or not they seek judicial relief, nor does it affect the fee charged to file a claim seeking administrative review. In fact, if the ticket recipient pays the fine and later is found not liable, then he is entitled to a refund. Moreover, under section 3—111 of the Administrative Review Act, a ticket recipient who is found liable by a hearing officer may obtain a stay of the hearing officer's finding, pending final disposition of his case by the circuit court. 735 ILCS 5/3—111(a)(1) (West 1996). Based on the foregoing, we do not believe that the scheme established for imposing a late fee under the Ordinance is unconstitutional.

The plaintiffs next contend that the adjudicatory system for contesting a parking ticket violates the due process clause of the Illinois Constitution because it requires the hearing officer to act as both prosecutor and judge. In particular, the plaintiffs contest the hearing officer's ability to conduct a searching cross-examination of the ticket recipient. The plaintiffs argue that, under this system, the hearing officer does not remain impartial and, therefore, the administrative determination is unfairly skewed toward a finding of liability.

Initially, we note that the plaintiffs raised this same issue in their federal claim. See *Van Harken*, 103 F.3d at 1351-52. In *Van Harken*, the plaintiffs argued that the administrative procedure was unconstitutional not only because it failed to provide the ticket recipient with the opportunity to cross-examine the police officer who issued the ticket, but also because the hearing officer was instructed to conduct a searching cross-examination of the ticket recipient. The seventh circuit stated that the "[t]he test for due process in the sense of procedural minima, as set forth in *Mathews v. Eldridge*, 424 U.S. 319, 334-35, 96 S. Ct. 893, 903, 47 L. Ed. 2d 18 (1976), requires a comparison of the costs and benefits of whatever procedure the plaintiff contends is

required." *Van Harken*, 103 F.3d at 1351. The court then conducted a cost-benefit analysis and determined that the monetary cost of requiring the police officers to attend the administrative hearings would greatly exceed any benefit received by the ticket recipient.[6] Based on its economic analysis, the court found that the police officer's absence at the hearing did not violate federal due process. The court then disposed of the issue presently before us on that same basis. The seventh circuit stated that the ticket recipient "has a natural advantage over the City, whose only witness, the police officer, is not present to contradict whatever far-fetched tale the [ticket recipient] thinks up." *Van Harken*, 103 F.3d at 1352. As a result, the seventh circuit found that a searching cross-examination of the ticket recipient was a "legitimate counter to this advantage."

The City urges us to adopt the same reasoning and find no due process violation under our state constitution. We recognize that, under the lockstep doctrine, the Illinois Supreme Court has followed the decisions of the United States Supreme Court in cases where the federal and state constitutional provisions and issues are similar. *People v. McGee*, 268 Ill. App. 3d 32, 40, 644 N.E.2d 439, 445 (1994). However, the federal and state due process clauses are not coextensive. *Rollins v. Ellwood*, 141 Ill. 2d 244, 275, 565 N.E.2d 1302, 1316 (1990). The Illinois Constitution provides broader rights of due process than the United States Constitution. *People v. Diguida*, 152 Ill. 2d 104, 119, 604 N.E.2d 336, 342-43 (1992). As a result, our supreme court has been reluctant to apply the lockstep doctrine when interpreting the due process clause contained in our state constitution. See *People v. McCauley*, 163 Ill. 2d 414, 440, 645 N.E.2d 923, 937 (1994). Although this does not prohibit us from looking at the federal court's interpretation of its due process clause for "guidance and inspiration" (*Rol-*

---

[6]The court noted that, on average, the police officers would spend two hours attending each hearing. Based on the approximate number of hearings conducted each year, that would cost the City 134,000 hours of police service or 67 full-time police officers who performed 2,000 hours of service per year. On the other hand, the seventh circuit noted that the benefit to the ticket recipient would be slight in comparison. The seventh circuit recognized that the maximum fine imposed for a parking violation was minimal in relation to the costs that the City would incur if it had to employ additional police officers to cover for those who were attending the hearings. The court further stated that it is unlikely that an error would be averted if the police officer were present at the hearing and subject to cross-examination. The court noted that, assuming oral testimony is more persuasive than written testimony, the ticket recipient would normally benefit from the police officer's absence at the hearing. *Van Harken*, 103 F.3d at 1351-52.

*lins*, 141 Ill. 2d at 275, 565 N.E.2d at 1316), we decline to do so in this case.

■ In contrast to the reasoning set forth in *Van Harken*, 103 F.3d at 1351-52, we do not believe that due process is totally a matter of economic efficiency. Rather, the essence of due process is based on the concept of fundamental fairness. Illinois courts have consistently held that, under due process of law, a person is entitled to receive a fair hearing before a fair tribunal. *Colquitt v. Rich Township High School District No. 227*, 298 Ill. App. 3d 856, 865, 699 N.E.2d 1109, 1116 (1998); *O'Callaghan v. Retirement Board of Firemen's Annuity & Benefit Fund*, 302 Ill. App. 3d 579, 586, 706 N.E.2d 979, 984 (1998). "However, 'procedural due process in an administrative proceeding does not require a proceeding in the nature of a judicial proceeding, [citation] but is satisfied by a form of procedure that is suitable and proper to the nature of the determination to be made and conforms to fundamental principles of justice.' [Citations.]" *Petersen v. Plan Comm'n*, 302 Ill. App. 3d 461, 466, 707 N.E.2d 150, 154 (1998). A fair hearing before an administrative agency includes the opportunity to be heard, the right to cross-examine adverse witnesses, and impartiality in ruling upon the evidence. *Lakeland Construction Co. v. Department of Revenue*, 62 Ill. App. 3d 1036, 1040, 379 N.E.2d 859, 862 (1978).

■ The Ordinance at issue here clearly comports with the requirements of due process. The Ordinance provides two mechanisms by which a ticket recipient can be heard, either by mail (Chicago Municipal Code § 9—100—070 (eff. January 1, 1997)), or in person at an administrative hearing (Chicago Municipal Code § 9—100—080 (eff. January 1, 1997)). Although the police officers who issue the tickets are not required to attend the hearing, the plaintiffs do not specifically challenge this aspect of the proceeding before us. Nonetheless, we do not find that such a practice deprives the ticket recipient of due process under our state constitution. As expressed by the court in *Van Harken*, 103 F.3d at 1351-52, the economic concerns caused by requiring the officers to attend every contested hearing are great. However, we cannot dispose of this issue for that reason alone. We find it equally significant that the Ordinance expressly provides the hearing officer with the power to "issue subpoenas to secure the attendance and testimony of witnesses." Chicago Municipal Code § 9—100—080(d) (eff. January 1, 1997). Under this provision, the hearing officer may subpoena the police officer who issued the ticket for purposes of cross-examination, if necessary to fairly consider a defense offered by the ticket recipient. See *Sharma v. Zollar*, 265 Ill. App. 3d 1022, 1031-33,

638 N.E.2d 736, 742-43, (1994). The hearing officers are licensed attorneys who must complete a formal training program prior to conducting a hearing. Chicago Municipal Code § 2—14—050 (amend. April 29, 1998). Unless the evidence shows otherwise, they are " 'assumed to be men of conscience and intellectual discipline, capable of judging a particular controversy fairly on the basis of its own circumstances.' [Citations.]" *Scott v. Department of Commerce & Community Affairs*, 84 Ill. 2d 42, 55, 416 N.E.2d 1082, 1089 (1981); see also *Klomann v. Illinois Municipal Retirement Fund*, 284 Ill. App. 3d 224, 229, 674 N.E.2d 38, 42 (1996).

In this case, the plaintiffs argue generally that the hearing officer's ability to cross-examine the ticket recipient causes the hearing to become unfair and partisan in nature. Illinois case law, however, rejects the notion that the combination of investigatory, prosecutorial and judicial functions offends due process. See *Zollar*, 265 Ill. App. 3d at 1032, 638 N.E.2d at 743; *Caliendo v. Martin*, 250 Ill. App. 3d 409, 421-22, 620 N.E.2d 1318, 1328 (1993); *Lopez v. Illinois Liquor Control Comm'n*, 120 Ill. App. 3d 756, 762, 458 N.E.2d 599, 603 (1983). In fact, earlier decisions of our supreme court have held that allowing a hearing officer to also act as an administrative representative is not, in and of itself, a constitutional deprivation of due process. See *Scott*, 84 Ill. 2d at 54-55, 416 N.E.2d at 1089; *Murphy v. Cuesta, Rey & Co.*, 381 Ill. 162, 166-67, 45 N.E.2d 26, 28 (1942); *Department of Finance v. Cohen*, 369 Ill. 510, 514-15, 17 N.E.2d 377 (1938).

The plaintiffs rely on *Abrahamson v. Department of Professional Regulation*, 210 Ill. App. 3d 354, 369-70, 568 N.E.2d 1319, 1328 (1991), for the proposition that an administrative scheme that combines investigatory, prosecutorial, and judicial functions violates due process. In *Abrahamson*, 210 Ill. App. 3d 354, 568 N.E.2d 1319, the administrative hearing became accusatorial, inquisitorial, personally insulting, and basically unfair in nature. See also *Zollar*, 265 Ill. App. 3d at 1032, 638 N.E.2d at 743. Yet, the Illinois Supreme Court reversed the decision in that case, stating: "It is settled that an administrative hearing is not a partisan hearing with the agency on one side arrayed against the individual on the other. Rather, it is an administrative investigation instituted for the purpose of ascertaining and making findings of fact. [Citations.]" *Abrahamson*, 153 Ill. 2d at 94-95, 606 N.E.2d at 1120; see also *Lakeland Construction Co. v. Department of Revenue*, 62 Ill. App. 3d 1036, 1040, 379 N.E.2d 859, 862 (1978).

Similarly, the sole purpose for conducting an administrative hearing in the case at bar is to consider the evidence presented by the ticket recipient, make findings of fact, and determine whether the

ticket recipient is liable for violating the Ordinance. The adjudicatory function of the hearing officers is completely separate from the investigatory function of the police officers who initially issue the tickets. Moreover, if the ticket recipient is found liable, the amount of the fine imposed for a specific violation has been predetermined by the Ordinance. Chicago Municipal Code § 9—100—020 (eff. January 1, 1997). The hearing officer has no discretionary power to increase or decrease the fine, or any penalty imposed thereon. See *City of Waukegan v. Environmental Protection Agency*, 11 Ill. App. 3d 189, 195, 296 N.E.2d 102, 107 (1973).

Although the hearing officer may question the ticket recipient during the course of the hearing, the Ordinance contains no provision requiring the hearing officer to cross-examine the ticket recipient. It merely states that the "[t]he formal and technical rules of evidence shall not apply in the conduct of the hearing." Chicago Municipal Code § 9—100—080(c) (eff. January 1, 1997). Even though the instruction manual given to the hearing officers contains suggestions for how to conduct a cross-examination of the ticket recipient (*i.e.*, testing the witness' perception and memory, drawing the witness out, and rapidly questioning the witness)[7], it also states that these "are simply examples of examination techniques that may be useful in eliciting the truth." The hearing officer is not required to utilize any or all of these suggestions during the course of a hearing. Rather, the manual states that the hearing officers should refer to their "legal experience and the numerous textbooks on the art of examination in determining the best methods to use in particular situations."

Although we can imagine instances where a searching cross-examination by a hearing officer might raise the question of whether the hearing officer overstepped his duties and unfairly took on the conflicting roles of prosecutor and judge, the plaintiffs have not alleged such facts for our consideration. The fact that a statute might be susceptible to misapplication does not necessarily make it unconstitutional. *Stein v. Howlett*, 52 Ill. 2d 570, 580, 249 N.E.2d 409, 414 (1972). The Ordinance is constitutional on its face. Any violation caused by individuals improperly acting under the procedures set forth therein must be considered on an individual basis.

Based on the foregoing, we do not find that the Ordinance violates either the separation of powers clause or the due process clause of the Illinois Constitution. Ill. Const. 1970, art. II, § 1; art. I, § 2.

---

[7]Although, during oral arguments, the City claimed that this section of the manual had been revised, the amended sections were not included in the record on appeal.

Accordingly, the judgment of the circuit court is affirmed.

Affirmed.

SOUTH, P.J., and WOLFSON, J., concur.