ROBERT WAICEKAUSKAS, Petitioner-Appellant, v. DAVID BURKE *et al.*, as Traffic Compliance Adm'rs, *et al.*, Respondents-Appellees.

First District (6th Division)   No. 1—01—3673

Opinion filed December 13, 2002.

Robert Waicekauskas, of Orland Park, appellant *pro se.*

Michael A. Buck, of Law Offices of John R. Sullivan, of Midlothian, for appellees.

JUSTICE TULLY delivered the opinion of the court:

Robert Waicekauskas brought suit against the Village of Midlothian (Village), David Burke and Michael J. Schultz, as traffic compliance administrators, charging that the Village's Administrative Adjudication of Vehicular Standing, Parking and Condition of Vehicle Regulation Violations Ordinance (the Ordinance) (Village of Midlothian Municipal Code, ch. 17, § 10—17—1 *et seq.* (1993)) violates the due process clauses of both the United States and Illinois Constitutions. Petitioner further charges that the Ordinance violates the fair

hearing requirement of the Illinois Vehicle Code (625 ILCS 5/11—208.3 (West 2000)).

Between April 5 and April 14, 1999, petitioner was issued five separate tickets by the Village of Midlothian police department for various violations of municipal parking and vehicle regulations. The tickets were issued under the authority of the Village of Midlothian Ordinance, section 10—17—1 *et seq.* Petitioner requested a hearing on the violations, and after a continuance, a hearing was held on June 17, 1999. At the hearing, petitioner objected to the Ordinance and the hearing process as violating the due process clause. Petitioner's objection was denied and a finding of liable was entered. Petitioner subsequently appealed to the traffic compliance administrator and again objected to the Ordinance. The administrator upheld the finding of the hearing officer. Petitioner then filed a petition for judicial review in the municipal division of the circuit court. On September 7, 1999, the court entered an order denying the petition for judicial review and entering judgment upholding the administrative order. On October 4, 1999, the court supplemented its September 7 order with specific findings that the Ordinance challenged by the petition does not violate the due process clauses of either the United States or Illinois Constitution and further that the Ordinance does comply with the requirements of section 11—208.3.

This appeal followed. For the following reasons, we find the Village of Midlothian Ordinance to be in violation of the due process clauses of the United States and Illinois Constitutions and we reverse the orders of the circuit court.

In 1987, Illinois authorized its municipalities to decriminalize parking violations and adopt a civil penalty. Ill. Rev. Stat. 1987, ch. 95½, par. 11—208.3. In 1993, the Village of Midlothian adopted an ordinance for the administrative adjudication of parking violations. Village of Midlothion Municipal Code § 10—17—1 *et seq.* (1993). Under section 10—17—4 of this ordinance, the owner or operator of a "cited vehicle" may request a hearing to adjudicate the merits of the violation. The hearing shall culminate in a determination of liability or nonliability made by a hearing officer. The Ordinance provides that the hearing officer "shall, upon a determination of liability, assess fines and penalties in accordance with Section 9 hereof." Village of Midlothian Municipal Code § 10—17—4(D) (1993). Section 9 of chapter 17 of the Ordinance provides a schedule of fines/penalties. For a "General Fine Amount," the Ordinance provides as follows:

> "Step 1a Upon service of a 'violation notice' issued between the 1st through the 15th day of the month and paid by the 25th of the month, and no "request for hearing" has been timely filed, the fine amount owed shall be: $25.00

Step 1b Upon service of a 'violation notice' issued between the 16th through the end of the month and paid by the 10th of the following month, and no 'request for hearing' has been timely filed, the fine amount owed shall be: $25.00

Step 2 Having failed to pay the fine amount by the deadline date (either the 10th or 25th of the month) as specified in Step 1 (a or b) above, the fine amount, if paid after the deadline date in step 1 above but prior to the first hearing date, will be: $35.00

Step 3 Having failed to pay the fine amount specified in Step 2 prior to the first hearing date, the fine amount, if paid on the first hearing date or prior to the second hearing date, will be: $50.00

Step 4 Having failed to pay the fine amount specified in Step 3 prior to the second hearing date, the fine amount, if paid on the second hearing date or prior to the third hearing date, will be: $100.00

Step 5 Having failed to pay the fine amount specified in Step 4 prior to the third hearing date, the fine amount, if paid on the third hearing date or upon the finding of a liability for the violation, after failure to appear at the third hearing, will be: $250.00."

Village of Midlothian Municipal Code § 10—17—9 (1993). The procedure is set forth in section 10—17—3 of the Ordinance and states that the violation notice shall contain a section entitled "Request for Hearing," which sets forth that the registered owner of the cited vehicle "may appear at the initial administrative hearing to contest the validity of the violation notice." Village of Midlothian Municipal Code § 10—17—3 (1993). Section 10—17—3 further states that the violation notice shall contain the notice "That payment of the indicated fine and any late payment penalty shall operate as a final disposition of the violation." Village of Midlothian Municipal Code § 10—17—3 (1993).

The record also contains a "Notice of Parking Violation" issued by the Village of Midlothian. This notice contains a payment schedule which states that the fine amount owed for a "General" violation, if paid within 10 days, is $25. The notice further states:

"Amount Owed After 10 Days, But Prior To The 1st Hearing" increases to $35;

"Amount Owed At The 1st Hearing, But Prior To The 2nd Hearing" is a minimum of $50;

"Amount Owed At The 2nd Hearing, But Prior To The 3rd Hearing" is a minimum of $100;

"Amount Owed At The 3rd Hearing, And Paid Within 35 Days Of Hearing Date" is $250.

This notice also states, "If you want a hearing to contest your ticket, please be aware of the following: If you are found **LIABLE** (Guilty) of

the violation *you can expect a higher fine than the face amount.* (SEE ABOVE)." (Emphasis in original.)

Petitioner contends that the procedure for adjudicating parking violations violates due process in that the amount owed increases upon the exercise of a right to a hearing to contest the merits of the violation. We agree.

■ The fundamental requirement of procedural due process is the opportunity to be heard at a meaningful time and in a meaningful manner. *People v. P.H.*, 145 Ill. 2d 209, 235, 582 N.E.2d 700 (1991). Due process is a flexible concept which calls for such procedural protections as a particular situation demands. *Atwood v. Warner Electric Brake & Clutch Co.*, 239 Ill. App. 3d 81, 89, 605 N.E.2d 1032 (1992). The imposition of a penalty for having pursued a right to appeal is a violation of due process of law. *North Carolina v. Pearce*, 395 U.S. 711, 23 L. Ed. 2d 656, 89 S. Ct. 2072 (1969). Although *Pearce* involved the rights of a criminal defendant to pursue a constitutional or statutory right of appeal without penalty, we believe that a petitioner in a civil case has the same right.

The Village responds that an Illinois statute authorizes a municipality to enact an ordinance which provides for the imposition of late penalties prior to the exercise of a right to a hearing, citing section 11—208.3(b)(2). 652 ILCS 5/11—208.3(b)(2) (West 2000). The Village further asserts that this court has upheld such a scheme of allowing fines to increase prior to hearing in *Van Harken v. City of Chicago*, 305 Ill. App. 3d 972, 713 N.E.2d 754 (1999). We disagree.

■ First, the Illinois statute does not authorize the increasing of fines prior to a hearing. The section of the statute relied upon by the Village states that any ordinance established pursuant to the statute must provide a "hang on" parking violation notice, which must contain specific information concerning the violation, including the amount of the fine and any late payment penalty. The notice must also contain information as to the availability of a hearing to contest the violation on the merits. 625 ILCS 5/11—208.3(b)(2) (West 2000). The Village argues that the sequence of the sentences in this paragraph of the statute "clearly indicates the intention of the legislature to allow municipalities to impose a late payment penalty prior to a hearing." We do not find this argument to be persuasive. This paragraph of the statute merely states the information that must be contained in the violation notice.

Second, the Village's reliance on *Van Harken* is misplaced. In *Van Harken*, this court held that the City of Chicago's parking violation ordinance did not violate due process. In *Van Harken*, the petitioners argued that the City of Chicago's ordinance was unconstitutional

because it required the ticket recipient to pay the fine indicated on the ticket, or be subject to a penalty, before the time for seeking *judicial review* has expired. Under the City of Chicago ordinance, a late fee was automatically imposed on ticket recipients who failed to pay their fine *within 21 days of the issuance of the determination of liability.* This court held that the ordinance was not unconstitutional as the imposition of the late fee had no relation to whether or not a ticket recipient seeks judicial review of the hearing officers' determinations. *Van Harken*, 305 Ill. App. 3d at 981, 713 N.E.2d at 761.

Here, the Village Ordinance is significantly different from the City of Chicago ordinance. Contrary to the ordinance in *Van Harken*, the Village Ordinance imposes a late fee *prior to any hearing* on the merits and a ticket recipient seeking a hearing on the merits is subject to a penalty which doubles the fine. Significantly, in *Van Harken*, the late fee was imposed only after a determination as to liability had been made by a hearing officer. Moreover, in that case this court noted that, after a finding of liability, the ticket recipient can pay the fine to avoid the late fee and receive a refund upon a reversal. Here, in contrast, the ticket recipient cannot pay the fine and still contest the violation on the merits because, pursuant to the Ordinance, payment of the fine constitutes an admission of liability.

We find the remainder of the Village's argument concerning judicial review of an administrative order to be irrelevant. This case does not concern the imposition of a late fee prior to judicial review. The Village Ordinance imposes a late fee prior to *an administrative hearing on the merits*. Similarly, we find unpersuasive the Village's citation to the Seventh Circuit's dismissal of federal claims in the same *Van Harken* controversy. *Van Harken v. City of Chicago*, 103 F.3d 1346 (7th Cir. 1997). The Village summarizes the *dicta* in Judge Posner's opinion which indicates that procedural due process safeguards may be relaxed in civil proceedings. It is sufficient for us to state that the issues before the federal court were different from the issues before this court.

Finally, the Village asserts that the legislative intent of the increase in the fine might be to cover the costs of a hearing on the merits. We find this assertion unpersuasive. The Ordinance does not state anything about costs of a hearing. Moreover, the Ordinance increases the fine on every ticket recipient who has not payed by the 25th of the month or the 10th of the following month, regardless of whether a hearing is requested. This indicates that the increase in the amount of the fine is strictly a late fee and has nothing to do with administrative costs of a hearing.

Accordingly, we hold that section 10—17—9 of the Village of Mid-

lothian Ordinance, which sets forth a fine schedule imposing an increased fine on those who wish to contest a violation on its merits, is unconstitutional.

While we find that the Ordinance's fine schedule provision is unconstitutional, we need not invalidate the Ordinance in its entirety. Section 10—17—15 contains a general severability clause, which provides: "Should a court of competent jurisdiction determine that one or more sections or subsections of this Chapter is or are invalid, the remaining sections and subsections hereof shall remain in full force and effect." Village of Midlothian Municipal Code, ch. 17, § 10— 17—15 (1993). Although general severability clauses carry less weight in ascertaining legislative intent than specific severability clauses, they do establish a presumption that the legislature intended for an invalid statutory provision to be severable. *People ex rel. Chicago Bar Ass'n v. State Board of Elections*, 136 Ill. 2d 513, 532, 558 N.E.2d 89 (1990). This presumption will be overcome and the entire act held unconstitutional if the legislative body would not have passed the statute with the invalid portion eliminated. *State Board of Elections*, 136 Ill. 2d at 533. "The settled and governing test of severability is whether the valid and invalid provisions of the Act are 'so mutually "connected with and dependent on each other, as conditions, considerations or compensations for each other, as to warrant the belief that the legislature intended them as a whole, and if all could not be carried into effect the legislature would not pass the residue independently ***".' [Citation.] The provisions are not severable if 'they are essentially and inseparably connected in substance.' " *Fiorito v. Jones*, 39 Ill. 2d 531, 540, 236 N.E.2d 698 (1968), quoting *People ex rel. Dougherty v. City of Rock Island*, 271 Ill. 412, 422, 111 N.E. 291 (1915).

Here, it is clear that the Village would not have intended that the ordinance remain in force despite the elimination of the fine schedule provision. Further, the fine schedule is an essential part of the Ordinance such that its severance requires the remainder of the Ordinance to fall. Without the fine schedule, the Ordinance is no longer operative and it cannot serve the legislature's intent of providing an administrative system for the enforcement of municipal parking regulations. Since the legislative purpose is defeated by the invalidation of the fine schedule provision, we cannot leave the remainder of the Ordinance in force.

Accordingly, we find the Village of Midlothian Ordinance, chapter 17, section 10—17—1 *et seq.*, to be in violation of the due process

clauses of the United States and Illinois Constitutions and therefore invalid in its entirety, and we reverse the orders of the circuit court.

Reversed.

O'BRIEN, P.J., and O'MARA FROSSARD, J., concur.